Scott A. SCALES, Appellant–Petitioner,

v.

Diane K. SCALES, Appellee–Respondent.

No. 12A04–0804–CV–212.

Court of Appeals of Indiana.

Aug. 15, 2008.

F. Scott Stuard, Martin & Stuard Law Office, Frankfort, IN, Attorney for Appellant.

Earl E. McCoy III, Law Office of Earl McCoy, Lafayette, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Scott A. Scales ("Husband") appeals a decree of dissolution of his marriage to Diane K. Scales ("Wife")[1] and the trial court's denial of his motion to correct error. We affirm.

### Issues

Husband raises the following issues for our review:

I. Whether the trial court abused its discretion in denying Husband's motion to correct error related to its

---

1. We note that the transcript, petition, and dissolution decree list Wife's name as Diane. However, the documents submitted by Wife list her name as Diana.

finding that the children had repudiated their relationship with Wife; and

II. Whether the trial court abused its discretion in denying Husband's motion to correct error related to evidence regarding Wife's retirement accounts.

## Facts and Procedural History

Husband and Wife married on July 7, 1984. They had two children: Sarah, born November 22, 1987, and Seth, born April 13, 1989. On February 15, 2006, Husband filed a petition for legal separation, and on May 23, 2006, he filed a petition for dissolution of marriage. On June 14, 2006, the trial court approved an agreed provisional order, awarding Husband temporary custody and support.

On October 11, 2006, at Husband's request, the trial court held an unrecorded *in camera* interview in chambers with the children and without counsel. In the months that followed, Wife's relationship with the children became increasingly strained, and her contact with them became sporadic and confrontational.

The trial court held a final hearing on May 10, 2007, and entered a decree of dissolution on July 6, 2007. As part of its decree, the trial court made the following findings:

4. The Court finds that the relationship between the children and the Wife is very strained at the present time and that the children are currently repudiating any relationship with the Wife.

5. As such, pursuant to Indiana law, Wife shall not at this time be required to contribute to college expenses for the children.

. . . .

16. That the Wife's retirement accounts shall be set over to her as her sole and separate property and the Husband shall have no further interest therein.

17. The Husband's retirement accounts shall be set over to him as his sole and separate property and the Wife shall have no further interest therein. Court recognizes that Wife's retirement account appears to exceed Husband's account but complete disclosure was not presented to fully verify this and Court has compensated at least in part with personal property award.

Appellant's App. at 20–21.

On August 2, 2007, Husband filed a motion to correct error, alleging that the finding of repudiation was clearly erroneous and that Wife's retirement accounts had been undervalued. He offered as "newly discovered evidence" a report from George V. Launey, Ph.D., valuing Wife's retirement accounts at nearly triple the amount submitted at the time of the final hearing. On December 31, 2007, the trial court denied Husband's motion to correct error, and this appeal ensued. Additional facts will be provided as necessary.

## Discussion and Decision

### I. Repudiation

In his motion to correct error, Husband asserted that the trial court erred in finding that the children had repudiated their relationship with Wife and in concluding that Wife therefore has no duty to contribute toward their college expenses. We review a trial court's denial of a motion to correct error for an abuse of discretion. *In re Marriage of Dean*, 787 N.E.2d 445, 447 (Ind.Ct.App.2003), *trans. denied.* An abuse of discretion occurs where the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Id.*

Repudiation of a parent is "a complete refusal to participate in a relationship with his or her parent." *Norris v. Pethe*, 833 N.E.2d 1024, 1033 (Ind.Ct.App. 2005). Under certain circumstances, repudiation will obviate a parent's obligation to pay certain expenses for the child, including college expenses. *Id.*

Under Indiana law, there is no absolute legal duty on the part of parents to provide a college education for their children. However, the statutory authorization for the divorce court to order either or both parents to pay sums toward their child's college education constitutes a reasonable manner in which to enforce the expectation that most families would encourage their qualified children to pursue a college education consistent with individual family values. In determining whether to order either or both parents to pay sums toward their child's college education, the court must consider whether and to what extent the parents, if still married, would have contributed to the child's college expenses.

*McKay v. McKay*, 644 N.E.2d 164, 166 (Ind.Ct.App.1994) (citations omitted).

In *McKay*, we adopted the approach taken by a Pennsylvania court, which held that "where a child, as an adult over eighteen years of age, repudiates a parent, that parent must be allowed to dictate what effect this will have on his or her contribution to college expenses for that child." *Id.* (citing *Milne v. Milne*, 383 Pa.Super. 177, 556 A.2d 854, 856 (1989)). The *McKay* court reiterated the objective outlined by the *Milne* court, in concluding that

adult children who willfully abandon a parent must be deemed to have run the risk that such a parent may not be willing to underwrite their educational pursuits. Such children, when faced with the answer 'no' to their requests, may decide to seek the funds elsewhere; some may decide that the time is ripe for reconciliation. They will not, in any event, be allowed to enlist the aid of the court in compelling that parent to support their educational efforts unless and until they demonstrate a minimum amount of respect and consideration for that parent.

*Id.* at 167 (quoting *Milne*, 556 A.2d at 866). The *McKay* court emphasized *Milne's* limitation of the rule to adult children:

. . . we certainly will not consider pre-majority attitudes and behavior, as we all recognize that the maturity and restraint which can be expected of adults is not appropriately applied to evaluate children. But to extend this parental amnesty beyond the age of majority would be irresponsible.

By *college age*, children of divorced parents must be expected to begin to come to terms with the reality of their family's situation. They must begin to realize that their attitudes and actions are their individual responsibilities. Whatever their biases and resentments, while one can understand how they got that way, when they become adults it is no longer appropriate to allow them to stay that way without consequence. One of a parent's main duties in raising a child is to teach him that he must take responsibility for his actions.

*Id.* at 167–68 (quoting *Milne*, 556 A.2d at 861–62) (emphasis added).

Here, Sarah was eighteen and Seth was seventeen at the time of the *in camera* interview. Therefore, Husband argues that the repudiation rule espoused in *McKay* does not apply to Seth. We disagree. First, we note that Seth was within a few months of entering college at the time of the *in camera* interview. Moreover, Seth was eighteen and in college at the time of the final hearing. Al-

though neither Sarah nor Seth testified at the final hearing, the record indicates that their behavior toward Wife continued after they reached majority.[2] While it is improper for the trial court to base its decision solely upon an *in camera* interview, we will not reverse if the evidence presented at the hearing is sufficient to support the trial court's decision. *Thompson v. Thompson*, 550 N.E.2d 1332, 1336 (Ind.Ct. App.1990). The evidence presented at the final hearing indicates that the last time Wife saw Sarah was six months before the hearing and that the meeting was confrontational and intimidating to Wife. Tr. at 89–90. Also, during a phone conversation just a few days before the final hearing, Seth told Wife, "I hate you you fucking bitch. I hope you die." *Id.* at 89.[3] In contrast, Wife testified, "I would welcome my children with open arms." *Id.* at 90. As we stated under similar circumstances in *Norris*, to "require [Wife] to stand with outstretched open wallet . . . now would be hypocritical." 833 N.E.2d at 1035 (internal quotation marks omitted). We find no abuse of discretion here.

## II. Wife's Retirement Accounts

■■ Husband next contends that the trial court abused its discretion by denying his motion to correct error based on alleged newly discovered evidence regarding the value of Wife's retirement accounts. "Motions predicated upon newly discovered material evidence are viewed with disfavor." *Laudig v. Marion County Bd. of Voters Registration*, 585 N.E.2d 700, 712 (Ind.Ct.App.1992) (citation and quotation

marks omitted), *trans. denied.* We review the denial of such a motion for an abuse of discretion. *Id.*

■ Newly discovered evidence is "material evidence . . . which, with reasonable diligence, could not have been discovered and produced at trial." Ind. Trial Rule 59(A)(1). To prevail on a motion to correct error based on newly discovered evidence, a party must

demonstrate that the evidence could not have been discovered and produced at trial with reasonable diligence; that the evidence is material, relevant, and not merely cumulative or impeaching; that the evidence is not incompetent; that he exercised due diligence to discover the evidence in time for the final hearing; that the evidence is worthy of credit; and, that the evidence raises the strong presumption that a different result would have been reached upon retrial.

*Matzat v. Matzat*, 854 N.E.2d 918, 920 (Ind.Ct.App.2006). Here, the record indicates that Wife's retirement accounts were valued at $84,514.50. Husband's motion to correct error sought to admit as newly discovered evidence a report by George V. Launey, Ph.D., valuing Wife's retirement accounts at $265,929.36.

"When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion." Ind. Trial Rule 59(H)(1). First, we note that Husband failed to provide supporting affidavits to

2. We decline Husband's invitation to adopt a bright-line rule that a child must be eighteen to repudiate his or her relationship with a parent. Noting that children often enter college before reaching age eighteen and that the repudiation rule is based on the presumed maturity level of college-bound students, rather than on their precise chronological age, we

leave for another day the possibility that under the right set of circumstances the rule may be applied to a child under age eighteen.

3. Wife also testified that during her phone conversation with Seth, "[i]n the background his father was saying telling [sic] the fucking bitch off." Tr. at 89.

accompany Dr. Launey's report. In addition, Husband has failed to demonstrate a reasonably diligent effort to obtain this information prior to the final hearing. While he argues that he did not have access to Wife's retirement account statement until the final hearing, there is no indication that he ever filed a motion to compel discovery of that statement or made a request for production of it from Wife's plan administrator. In fact, the record shows that Husband himself failed to comply with Wife's requests for discovery. The trial court imposed sanctions for his failure to comply with discovery and prohibited him from presenting certain exhibits at the hearing that should have been provided via discovery prior to that date. We will not now allow him to circumvent the trial rules by claiming that he could not have discovered these retirement account figures before the final hearing. The trial court acted within its discretion in denying Husband's motion to correct error.

Affirmed.

KIRSCH, J., and VAIDIK, J., concur.