**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**HEATHER L. PERKINS**
Collier Homann & Perkins, LLC
Crawfordsville, Indiana

ATTORNEY FOR APPELLEE:

**JAMES W. ENSLEY**
Greencastle, Indiana



FILED

Nov 20 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GERALD E. SMITH, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 67A01-1205-DR-241 |
| | ) | |
| RONDA K. (SMITH) BUSCH, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Matthew L. Headley, Judge
Cause No. 67C01-0405-DR-171

**November 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Gerald E. Smith appeals from the trial court's order granting a motion to correct error filed by Ronda K. (Smith) Busch after Ronda's petition to modify support was dismissed for failure to prosecute. Gerald presents the following issue for our review: Did the trial court abuse its discretion by granting the motion to correct error and establishing discovery deadlines pertinent to Ronda's petition?

We reverse and remand.

Gerald and Ronda's marriage was dissolved by the trial court on September 7, 2004. Although other motions were filed during the interim, the filing giving rise to this appeal is Ronda's affidavit of contempt and petition to modify support. That petition was filed on October 8, 2009, and the matter was set for hearing. Gerald served Ronda with discovery requests on November 9, 2009. Hearing dates were continued and rescheduled, and when Gerald had not received a discovery response for over a year, he filed a motion to dismiss pursuant to T.R. 41(E). Ronda filed a response to Gerald's motion. The trial court then vacated the matter from the T.R. 41(E) docket and ordered the parties to mediation.

After another year passed, during which time no mediation occurred and no discovery responses were supplied by Ronda, Gerald filed another T.R. 41(E) motion to dismiss the matter. Ronda filed a motion to set a hearing on Gerald's motion and a request to remove the case from the T.R. 41(E) docket. The trial court set the matter for a telephonic hearing. Gerald filed a response to the motion to set hearing and to remove the matter from the T.R. 41(E) docket prior to the date for the telephonic hearing. The trial court granted the motion to dismiss and vacated the telephonic hearing setting.

2

Ronda filed a motion to correct error and Gerald filed a response to that pleading. A hearing was held on May 1, 2012 at which the parties appeared, but no witnesses were sworn. The parties presented their arguments and supporting documents to the trial court. After taking the matter under advisement, the trial court issued an order granting the motion to correct error. Gerald now appeals.

Gerald appeals from the trial court's order granting Ronda's motion to correct error. To the extent the motion concerns questions of law we review the issues de novo. *City of Indianapolis v. Hicks*, 932 N.E.2d 227 (Ind. Ct. App. 2010). Generally, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *Id*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Scales v. Scales*, 891 N.E.2d 1116 (Ind. Ct. App. 2008).

The basis for Ronda's motion was newly discovered evidence. Motions based on newly discovered material evidence are viewed with disfavor. *Id*. Newly discovered evidence is "material evidence . . . which, with reasonable diligence, could not have been discovered and produced at trial." T.R. 59 (A)(1). In order to prevail on a motion to correct error based on newly discovered evidence, a party must do as follows:

> demonstrate that the evidence could not have been discovered and produced at trial with reasonable diligence; that the evidence is material, relevant, and not merely cumulative or impeaching; that the evidence is not incompetent; that he exercised due diligence to discover the evidence in time for the final hearing; that the evidence is worthy of credit; and, that the evidence raises the strong presumption that a different result would have been reached upon retrial.

3

*Matzat v. Matzat*, 854 N.E.2d 918, 920 (Ind. Ct. App. 2006). "When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion." T.R. 59(H)(1).

In the present case, no affidavits were tendered along with Ronda's motion to correct error. The motion relied upon evidence outside the record because Ronda's counsel attempted to establish the background of the purported newly discovered evidence via details of conversations with Gerald's counsel, i.e., evidence outside the record. Additionally, the evidence Ronda claimed was newly discovered pertained to college expenses for a child who had completed two years of college during the pendency of the motions. The discovery request Gerald served on Ronda immediately after her motion to modify child support was filed included a request for information pertaining to the costs and contributions toward post-secondary education expenses of the child at issue. The evidence that Ronda's counsel claimed to be in the process of collecting does not meet the definition of newly discovered material evidence.

The trial court's order in pertinent part reads as follows:

The Court, having taken this matter under advisement, now finds that there really isn't an error for the court to correct, but more so for certain discovery to be completed and the matter litigated/tried, if necessary.

Court orders mother to produce a full completed set of answers to pending interrogatories to father no later than May 30, 2012. Court further orders that any additional discovery be served no later than June 20, 2012, with answers due July 20, 2012. Trial, if necessary, shall be on August 7, 2012 at 9:00 a.m., with one hour allotted.

4

> Court shall consider college expenses and, among other things, any request for attorney fees [] that may have been incurred in this matter.

*Appellant's Appendix* at 37-38.

Instead of pursuing a motion to correct error, Ronda should have proceeded under T.R. 41(F) to either have the dismissal without prejudice set aside for good cause shown, or to have the dismissal with prejudice set aside alleging the grounds contained in Indiana Trial Rule 60(B). The trial court appears to have acknowledged as much by stating that there really was no error to be corrected.

The trial court, nonetheless, abused its discretion by granting the motion to correct error. There were no supporting affidavits setting forth the background of the newly discovered material evidence and there does not appear to have been any newly discovered evidence. At the hearing, there was no sworn testimony and only the arguments of counsel were heard. We reverse the trial court's order and remand this matter to the trial court with instructions to reinstate its order granting the T.R. 41(E) dismissal.

Judgment reversed and remanded

BROWN, J., and PYLE, J., concur.