**FOR PUBLICATION**



FILED
Aug 22 2013, 5:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JUDY M. TYRRELL**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**MARK J. TORMA**
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALEXANDER DAVID TORADZE, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1212-DR-623 |
| | ) | |
| SUSAN BLAKE TORADZE, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH CIRCUIT COURT
The Honorable Michael G. Gotsch, Judge
Cause No. 71C01-9903-DR-205

**August 22, 2013**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

Appellant-Respondent, Alexander David Toradze (Father), appeals the trial court's denial of his motion to dismiss for lack of jurisdiction in favor of Appellee-Petitioner, Susan Blake Toradze (Mother).

We affirm.

## ISSUE

Father raises one issue on appeal, which we restate as follows: Whether the trial court properly decided it had jurisdiction to enter an educational needs order pursuant to Ind. Code § 31-16-6-6.

## FACTS AND PROCEDURAL HISTORY

Mother and Father were divorced on May 24, 2002. During the marriage, two children were born: D.T., born on November 30, 1991 and A.T., born on April 21, 1993. The Decree of Dissolution included an order for child support but was silent on the issue of college educational expenses. Both children were emancipated by operation of law on July 1, 2012.

On October 17, 2012, Mother filed a petition to modify child support requesting an apportionment of post-secondary educational expenses between the parties. On October 25, 2012, Father filed a motion to dismiss for lack of jurisdiction. After hearing the parties' arguments on November 14, 2012, the trial court denied Father's motion.

Father now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Father contends that the trial court lacks jurisdiction to decide Mother's request to apportion the children's post-secondary educational expenses between the parties based on I.C. § 31-16-6-6. The applicable standard of review for Trial Rule 12(B)(1) motions to dismiss for lack of subject matter jurisdiction is a function of what occurred in the trial court. *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). That is, the standard of review is dependent upon: (i) whether the trial court resolved disputed facts; and (ii) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a paper record. *Id*. Where, as here, the facts before the trial court are not in dispute, the question of subject matter jurisdiction is purely one of law. *Id*. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to the trial court determination, evaluate those issues they deem to be questions of law. *Id*.

Under Indiana law, there is no absolute legal duty on the parents to provide a college education for their children. *Scales v. Scales*, 891 N.E.2d 1116, 1119 (Ind. Ct. App. 2008). However, the statutory authorization for the divorce court to order either or both parents to pay sums toward their child's college education constitutes a reasonable manner in which to enforce the expectation that most families would encourage their qualified children to pursue a college education consistent with individual family values. *Id*. In determining whether to order either or both parents to pay sums toward their child's college education, the court must consider whether and to what extent the parents, if still married, would have contributed to the child's college expenses. *Id*.

3

At issue in this appeal is Indiana Code section 31-16-6-6, which governs the termination of child support and emancipation of a child within the procedural framework of a dissolution decree. The purpose of the statute "is to require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support." *Hirsch v. Oliver*, 970 N.E.2d 651, 655 (Ind. 2012). Prior to July 1, 2012, the award of educational expenses following a divorce proceeding was statutorily mandated as follows:

> The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age unless any of the following conditions occurs:
>
> > (1) The child is emancipated before becoming twenty-one (21) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.
> >
> > (2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
> >
> > (3) The child:
> > > (A) is at least eighteen (18) years of age:
> > > (B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and
> > > (C) is or is capable of supporting himself or herself through employment.

I.C. § 31-16-6-6(a). Effective July 1, 2012, the legislature amended I.C. § 31-16-6-6, which lowered the presumptive age for termination of child support from twenty-one to nineteen.[1] With the exception of the decrease in age-limit, the statute remained the same.

---

[1] P.L. 111-2012, effective July 1, 2012.

Thereafter, on May 9, 2013, the legislature approved a second amendment of the statute in Public Law 207-2013, § 45, which added a subsection (c), "EFFECTIVE JULY 1, 2012 (RETROACTIVE)."[2] Consequently, the current statute reads, in pertinent part, as follows:

(a) The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:

(1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.

(2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.

(3) The child:
(A) is at least eighteen (18) years of age:
(B) has not attended a secondary or postsecondary school for the prior four (4) months and is not enrolled in a secondary or postsecondary school; and
(C) is or is capable of supporting himself or herself through employment.

. . .

(c) If a court has established a duty to support a child in a court order issued before July 1, 2012, the:

(1) parent or guardian of the child; or

(2) child;

may file a petition for educational needs until the child becomes twenty-one (21) years of age.

---

[2] P.L. 207-2013, § 45, was approved after the filing dates of the parties' appellate briefs.

I.C. § 31-16-6-6(a) & (c).

The record reflects that both children were emancipated on July 1, 2012 by operation of the statute. Although a child support order had been instituted as part of the dissolution decree in 2002, no separate educational needs order had been requested until Mother's petition of October 17, 2012. When Mother filed her petition for educational expenses, both children had not yet reached twenty-one years of age. Because the trial court had established a duty to support the children in a court order issued prior to July 1, 2012 and the children were younger than twenty-one years of age, Mother was entitled to file her petition for post-educational expenses based on I.C. § 31-16-6-6(a) & (c). Therefore, we conclude that the trial court had jurisdiction to decide Mother's request to institute an order for educational needs.

## CONCLUSION

Based on the foregoing, we conclude that the trial court acquired jurisdiction with respect to Mother's request for educational expenses following a dissolution of marriage based on I.C. § 31-16-6-6(a) & (c).

Affirmed.

BRADFORD, J. concurs

BROWN, J. concurs in result with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

ALEXANDER DAVID TORADZE,     )
)
    Appellant-Respondent,     )
)
        vs.     )     No. 71A05-1212-DR-623
)
SUSAN BLAKE TORADZE,     )
)
    Appellee-Petitioner.     )

**BROWN, Judge, concurring in result**

I concur in the result reached by the majority but write separately to fine tune a point and state my disagreement with the majority's conclusion that the trial court *acquired* subject matter jurisdiction to decide Mother's request to institute an order for educational needs based on the amendments to Ind. Code § 31-16-6-6. The Indiana Supreme Court has held that Indiana trial courts possess two kinds of "jurisdiction." K.S. v. State, 849 N.E.2d 538, 540 (Ind. 2006). Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Id. "Personal jurisdiction requires that appropriate process be effected over the parties." Id. The Court also held that "[o]ther phrases recently common to Indiana practice, like

'jurisdiction over a particular case,' confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations." Id. The Court explained that "[r]eal jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process." Id. at 542. Because the trial court had the power to hear and determine cases of the general class to which Mother's petition to modify child support belongs, and appropriate process was effected over the parties, I would conclude that the trial court had personal and subject matter jurisdiction and that Ind. Code § 31-16-6-6 provided the statutory basis for providing Mother the requested relief.