**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 26 2013, 5:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JONATHAN R. DEENIK**
**MONTY K. WOOLSEY**
Cross, Pennamped, Woolsey & Glazier, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**NATHANIEL LEE, ESQ.**
**CARI L. SHEEHAN, ESQ.**
Lee & Fairman, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DONYEL PERRY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1304-DR-385 |
| | ) | |
| TRACY PERRY, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
The Honorable Christopher B. Haile, Magistrate
Cause No. 49D06-9307-DR-1318

**December 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Donyel Perry ("Father") appeals the trial court's denial of his Indiana Trial Rule 60(B) motion to set aside an order requiring him to pay Tracy Perry ("Mother") for educational and orthodontic expenses incurred by D.P. ("Child").

We affirm.

**Issues**

Father presents several issues for our review, which we restate as whether the trial court abused its discretion when, in response to his motion to set aside the court's order, the court denied the motion and reaffirmed:

1.  Its award of post-secondary education expenses incurred by Child;[1] and

2.  Its prior award of orthodontic expenses incurred by Child.

**Facts and Procedural History**

Father and Mother were married; the union resulted in the birth of Child in December 1992. In 1993, Mother filed an action for dissolution of the marriage. The marriage was dissolved on May 5, 1994. In the dissolution decree, Father was ordered to pay child support of $90.00 per week. Mother was ordered to maintain medical and dental insurance for Child, and Mother and Father were each ordered to pay one-half of all uninsured medical expenses

---

[1] Father also argues that the trial court erred when it concluded sua sponte that Indiana Code section 36-16-6-6, as amended through July 1, 2012, was unconstitutional, thereby precluding Father from presenting argument on that issue. We avoid constitutional questions where statutory construction may resolve an issue, unless reaching such questions is necessary to the determination of a case. Ind. Wholesale Wine & Liquor Co. v. State ex rel. Ind. Alcoholic Beverage Comm'n, 695 N.E.2d 99, 106-107 (Ind. 1998). Our statutory analysis and conclusion on the question of post-secondary education expenses, infra, obviates the need to address Father's argument regarding the trial court's assessment of the statute's constitutionality. We therefore decline to reach that issue today.

2

incurred by Child. The dissolution decree did not address obligations for any educational expenses.

In subsequent years, Father on several occasions fell into arrears on his child support obligations. On June 1, 2005, the court found Father to be in arrears on child support totaling $12,413.44. Father's support obligation was therefore increased to a weekly assessment of $110.00.

In December 2011, Child reached nineteen years of age. On July 6, 2012, Mother filed her Verified Motion for Educational Needs and for Reimbursement of Prior Educational Expenses and Request for Attorney Fees ("Motion for Educational Expenses"). In that motion, Mother noted that Father had not contributed to any of Child's expenses associated with university attendance or for orthodontic care and other medical expenses incurred while Child was a minor.[2] The Motion for Educational Expenses itemized the costs incurred for Child's university attendance and specified medical and dental costs incurred. Mother therefore requested a hearing to establish an educational support order and to obtain reimbursement of dental and medical expenses.

On November 14, 2012, Mother filed a motion to compel discovery from Father; the trial court granted this motion, and ordered Father to respond to Mother's discovery requests by November 26, 2012, a date on which the parties were scheduled to appear for a hearing on Mother's Motion for Educational Expenses.

---

[2] Mother also noted other costs she had incurred on Child's behalf, including purchase of a car and paying for a high school graduation party.

3

Mother appeared at the November 26, 2012 hearing; Father did not. The same day, Mother filed a Motion for Contempt for Non-Payment of Child Support ("First Motion for Contempt"). In that motion, Mother alleged that Father's child support arrearage totaled $33,960.00, and sought a hearing during which Father would be required to show cause for why he should not be held in contempt of court.

Subsequent to the hearing, On November 27, 2012, the trial court entered an order finding Father in contempt of court for failing to pay the uninsured medical and dental expenses incurred by Child and for failing to respond to Mother's discovery requests; the court ordered Father to pay $4,888.57 related to these expenses. The court also ordered Father to pay half of Child's post-secondary educational expenses, less any scholarships and financial aid obtained by Child, for the 2012-2013, 2013-2014, and 2014-2015 academic years, contingent upon Child's maintaining a 2.5 grade-point average ("GPA"). This order included specific instruction that Father pay $12,803.00 for Child's Spring 2013 educational expenses. Finally, Father was instructed to pay $1,000 in attorney's fees related to the trial court's entry of the order finding him in contempt of court.

On November 30, 2012, the trial court ordered Father to appear for a hearing on January 28, 2013, regarding the First Motion for Contempt related to Father's alleged child support arrearage.

On January 10, 2013, Mother filed a second motion for contempt ("Second Motion for Contempt"). The Second Motion for Contempt alleged that Father had failed to pay any of the amounts assessed in the November 27, 2012 order.

4

On January 17, 2013, Father filed a verified motion under Trial Rule 60(B), which sought to set aside the trial court's order of November 27, 2012. In his motion, Father alleged that the trial court's assessment of orthodontic and post-secondary educational expenses and attorney's fees against him was void. Father also filed a motion to dismiss Mother's motions for contempt.

On April 10, 2013, the trial court entered an order disposing of Mother's First and Second Motions for Contempt, Fathers' motion to set aside the November 27, 2012 order, and Father's motion to dismiss. In the order, the trial court rejected Father's argument that the assessment of post-secondary educational expenses was void due to revisions to Indiana statutes that became effective on July 1, 2012, which reduced the statutory age of emancipation of a child from twenty-one to nineteen years. See Ind. Code § 36-16-6-6(a). In denying Father's motion, the court reaffirmed its order requiring Mother and Father each to bear half the cost, less financial aid, of Child's post-secondary education for the 2013-2014 and 2014-2015 school years. The court agreed with Father that the November 27, 2012 order mischaracterized the nature of Father's obligation to pay child support due to Child's having become emancipated, and consequently re-characterized that obligation as a debt rather than as an order pursuant to which Father could be held in contempt of court. The court left the award in place in all other respects. The court found Father in arrears on child support totaling $15,862.68, and entered judgment against him and for Mother in that amount. The court also entered judgment for Mother and against father for orthodontic and educational

5

expenses totaling $17,691.57. Finally, the court left in place its assessment of attorney's fees totaling $1,000, and entered judgment in favor of Mother's counsel and against Father.

This appeal ensued.

**Discussion and Decision**

Standard of Review

Father appeals the trial court's order on his motion to set aside a judgment under Trial Rule 60(B), specifically arguing that the trial court's order was void to the extent it establishes a post-secondary educational support obligation. We review a trial court's order under Rule 60(B) for an abuse of discretion. In re Adoption of C.B.M., 992 N.E.2d 687, 691 (Ind. 2013). A trial court abuses its discretion when its decision is against the logic and effect of the facts and circumstances before it, or when the decision is contrary to law. Van Wieren v. Van Wieren, 858 N.E.2d 216, 223 (Ind. Ct. App. 2006).

Underlying the trial court's ruling on Father's Rule 60(B) motion is the order Father sought to be set aside. Father challenges on appeal the trial court's order that he pay post-secondary educational expenses for Child and costs associated with Child's orthodontic care. As with other determinations of child support obligations, we review orders concerning post-secondary educational costs and medical expenses for an abuse of discretion. Cubel v. Cubel, 876 N.E.2d 1117, 1119 (Ind. 2007).

Post-Secondary Expenses

We turn first to Father's challenge to the trial court's decision not to set aside its order requiring Father to pay half of Child's post-secondary educational expenses. Father argues

on appeal that the trial court abused its discretion when it denied his motion to set aside its order that he pay those expenses, because the underlying order was void as a result of legislative revisions to the statutes governing child support and post-secondary educational expenses.

As of 2013, Indiana Code chapter 31-16-6 governs the duty of parents to provide child support after the dissolution of a marriage and in cases establishing paternity. P.L. 207-2013 § 44. In 2012, this chapter applied only to child support related to the dissolution of marriage. At that time, the Indiana Code was amended by our legislature to reduce the age at which the duty to pay child support terminates from age twenty-one to age nineteen, except in certain circumstances not applicable to the present case. Ind. Code § 31-16-6-6(a); P.L. 111-2012 § 2.

Also in 2012, the legislature amended Section 31-14-11-18, which governs support obligations of parents in paternity cases. P.L. 111-2012 § 1. As amended, Section 31-14-11-18 provided, except under certain circumstances, for termination at age nineteen of the child support obligations of a parent subsequent to a trial court's order establishing that individual's paternity. I.C. § 31-11-11-18(a). Section 31-14-11-18 went on to provide, "[a] child who is receiving child support under an order issued before July 1, 2012, may file a petition for educational needs until the child becomes twenty-one (21) years of age." I.C. § 31-14-11-18(b).

The 2012 amendments to Section 31-16-6-6, governing child support after dissolution of marriage, did not include a parallel provision regarding the time in which a custodial

7

parent or child could seek post-secondary educational support. The 2012 amendments to Sections 31-14-11-18 and 31-16-6-6 became effective July 1, 2012.

In 2013, the legislature again amended the child support statutes. As noted above, the legislature repealed Section 31-14-11-18, instead consolidating into Chapter 31-16-6 the provisions governing modification of child support obligations applicable to both marital dissolution and paternity actions. The legislature also amended Section 31-16-6-6 to add the following provision:

> If a court has established a duty to support a child in a court order issued before July 1, 2012, the:
>
> (1) parent or guardian of the child; or
>
> (2) child;
>
> may file a petition for educational needs until the child becomes twenty-one (21) years of age.

I.C. § 31-16-6-6(c). This provision was made retroactively effective to July 1, 2012. P.L. 207-2013 § 45.

One consequence of these changes in the law was ensuing litigation filed by non-custodial parents seeking to terminate child support obligations, and by custodial parents seeking to establish post-secondary educational obligations. See Toradze v. Toradze, 993 N.E.2d 271 (Ind. Ct. App. 2013) (affirming denial of non-custodial father's motion to dismiss for lack of jurisdiction custodial mother's petition for post-secondary educational support); Littke v. Littke, 992 N.E.2d 894 (Ind. Ct. App. 2013) (reversing dismissal of a petition for post-secondary educational expenses where non-custodial mother sought to terminate

support, and custodial father sought post-secondary educational expenses). The case now before us is also a product of the statutory changes, though here Father claims that the trial court's order that he provide post-secondary educational support was void because it was an ultra vires act.

Here, after Child reached her nineteenth birthday and after the July 1, 2012, effective date of the 2012 amendments to Section 31-16-6-6, Mother sought an order requiring Father to pay part of Child's post-secondary educational expenses. On November 27, 2012, the trial court entered an order establishing such support. Father did not comply and instead filed his motion to set aside the order, contending that it was void in light of the language of the statute at the time the order was entered. Throughout the remainder of the trial court-level proceedings, Section 31-16-6-6 as modified by the 2012 amendments remained in effect. Reviewing the discrepancy between Section 31-16-6-6's lack of provision for a process to petition for post-secondary educational support and Section 31-14-11-18's provision for such a process, the trial court found that the intent of the legislature was not to afford divergent treatment to children of dissolved marriages versus children whose right to support arose from paternity actions. Accordingly, and in light of the court's conclusion that such a distinction is unconstitutional, on April 10, 2013, the court reaffirmed its order of educational support.

On May 9, 2013, during the pendency of this appeal—indeed, before either party submitted briefing to this Court—the 2013 amendments to Section 31-16-6-6 were enacted, retroactively effective to July 1, 2012 as a result of the legislature's declaration of an

9

emergency as to the need for the provisions of Public Law 207-2013. <u>See</u> P.L. 207-2013 § 53.

Also during the pendency of this appeal, other panels of this Court have addressed the effect of the retroactive amendments to Section 31-16-6-6. In <u>Littke</u>, this Court applied the amendments retroactively to reverse a trial court's order dismissing a petition for post-secondary educational expenses where the circumstances of the custodial parent's petition satisfied the requirements of Subsection 31-16-6-6(c). <u>Littke</u>, 992 N.E.2d at 898-99. In <u>Toradze</u>, we affirmed a trial court's denial of a motion to dismiss a petition for post-secondary educational expenses, where the circumstances of the petition satisfied the requirements of Subsection 31-16-6-6(c). <u>Toradze</u>, 993 N.E.2d at 273, 274. In each case, the petition and the trial court's disposition of the motion to dismiss occurred after the enactment of the 2012 amendments, but before the enactment of the 2013 amendments.

<u>Littke</u> and <u>Toradze</u> were each handed down by this Court during the pendency of Father's appeal—after his appellant's brief was submitted but before Mother submitted her brief—and Father and Mother both address these cases in their briefs. Mother contends that her case falls within the holdings of <u>Littke</u> and <u>Toradze</u>. Father contends that these cases stand only for the proposition that a trial court could adjudicate these petitions, but that they are otherwise inapposite here, where both of the trial court's orders establishing a post-secondary educational support obligation were entered before the retroactive amendments to Section 31-16-6-6. Because the trial court's educational support order was entered before the 2013 amendments were passed, Father argues, the order was void and should be reversed.

10

Yet it is clear that the trial court's decision to apply the provisions of then-effective Section 31-14-11-18 in an analogous situation under the 2012 revision of Section 31-16-6-6 was precisely the result the legislature intended by enacting the 2013 amendments to Section 31-16-6-6. As we have already noted, the legislature expressly intended its changes to apply retroactively to July 1, 2012. While we recognize Father's argument that public policy purposes militate against retroactive application of the statute in his—and presumably other—cases, the public policy judgment of our legislature was to prescribe the application of the 2013 amendments to Section 31-16-6-6 to prior cases.[3] Thus, we cannot say that the trial court abused its discretion when it denied Father's motion to set aside the judgment.

Orthodontic Costs

We turn to Father's other issue on appeal, whether the trial court abused its discretion when it reaffirmed its November 27, 2012 order that Father pay half of Child's orthodontic costs.

Our statutes provide that a trial court may, within the scope of a child support or educational support order, include "special medical, hospital, or dental expenses necessary to serve the best interests of the child." I.C. § 31-16-6-2(a)(2). Father directs us to this Court's prior interpretation of this statutory provision in Glick v. Lawmaster, 648 N.E.2d 370 (Ind. Ct. App. 1995), and argues that Glick precluded the trial court from ordering him to pay for orthodontic expenses incurred by Child. Father also argues that the trial court's order

---

[3] Father refers in his brief to scheduling conflicts and failure of previously-retained counsel to notify him of or appear at the November 27, 2012 hearing. He does so within the scope of his public policy argument and not as a basis for otherwise challenging the validity of the trial court's order, and directs us to no authority for the proposition that such circumstances affect the trial court's interpretation of the child support statutes.

amounts to a retroactive modification of a support order, which is ordinarily barred. See Carter v. Dayhuff, 829 N.E.2d 560, 567-68 (Ind. Ct. App. 2005).

Here, the trial court concluded that the provisions of the dissolution order included a requirement that Father pay orthodontic expenses, and Father challenges that determination. Father's Trial Rule 60(B)(6) motion was filed on January 17, 2013—more than thirty days after the entry of the November 27, 2012 order requiring that he pay orthodontic expenses. Father does not, however, contend that the order of November 27, 2012, was void on that matter; rather, he argues that the trial court erred on a matter of law in reaching its decision.

That is, Father's challenge to the portion of the November 27, 2012 order that requires payment of orthodontic expenses is properly characterized as a motion to correct error—not as a motion to set aside a void judgment. Trial Rule 59 provides that a party may seek to correct error by filing a motion within thirty days of the challenged judgment. Yet the more than thirty-day span of time between the November 27, 2012 order and Father's motion challenging the award of orthodontic expenses falls outside the period of time during which a party may seek to correct error. Father's challenge to the order to pay orthodontic expenses through his motion to set aside the order was thus waived. We accordingly affirm the trial court's denial of Father's motion as to the assessment of orthodontic expenses.

## Conclusion

The trial court's decision ordering Father to pay post-secondary educational expenses is consistent with our legislature's retroactive amendment of the child support statutes. Father's challenge to the trial court's order that he pay orthodontic expenses was waived.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.