**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**ELIZABETH D. TATE-NORWOOD**
Highland, Indiana

ATTORNEYS FOR APPELLEE:

**RACHEL E. YARCH**
**KATHRYN BIRKS HARVEY**
Kopon Airdo, LLC
Chicago, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACQUELYN WEBSTER GREEN, as personal representative of the estate of Mary A. Webster, deceased, | ) ) ) ) | |
| Appellant-Plaintiff, | ) ) | |
| vs. | ) ) | No. 45A04-1307-CT-344 |
| HOUSING AUTHORITY OF THE CITY OF GARY, INDIANA, ET AL., | ) ) ) | |
| Appellees-Defendants. | ) ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Sophia J. Arshad, Judge Pro Tempore
Cause No. 45D10-1111-CT-213

**February 26, 2014**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

Appellant-plaintiff Jacquelyn Webster Green appeals the trial court's grant of a motion to dismiss in favor of appellees-defendants the Housing Authority of the City of Gary Indiana (GHA) et al. More particularly, Webster Green contends that the trial court erred when it determined that the GHA had no duty to conduct "well-being" checks on its tenants, that employees of the Woodlawn Corporation were not employees of the GHA, and that Webster Green could not take advantage of relation back of amendments under Indiana Rule of Trial Procedure 15(C). We find that Webster Green's complaint states facts that, even if true, would not support the relief requested, and affirm the judgment of the trial court.

## FACTS

On June 9, 2009, Mary Webster entered into a lease with the GHA to rent an apartment at the Al Thomas Senior Citizen Center (Center) in Gary. The Center is an independent living facility for low-income senior citizens. The portion of the lease relevant to this action is as follows:

> XII. Entry of Premises during Tenancy
> . . .
> (B) GHA Responsibilities
>      1. GHA shall give tenant 48 hours written notice that GHA intends to enter the unit. GHA may only enter at reasonable times.
>      2. GHA may enter Tenant's dwelling unit at anytime without advance notification when there is a reasonable cause to believe that an emergency exists.

Appellant's App. p. 66.

2

On January 13, 2010, Mary was scheduled to have two medical services appointments with Mutya Mubanay and Henry Akinbobuyi, employees with A Plus Home Health Care, Inc. (A Plus) at her apartment. When Mary did not report for her appointment, Akinbobuyi informed his supervisor, Tracy Janiga, that Mary did not keep her appointment. Janiga did not inform the GHA that Mary had missed her appointment until the next day. In her medical records at A Plus, Mary was listed as a fall risk.

The next day, January 14, 2010, A Plus repeatedly asked Jana Blood and Diana Starks, employees of Woodlawn Community Development Center (Woodlawn), to check on Mary. Woodlawn is a private entity that contracted with the GHA to provide on-site management, administration, and operation services for the apartment complex. When the Woodlawn employees did enter Mary's apartment on July 14, 2010, they found her unresponsive. Mary died the next day of a heart condition.

On November 22, 2011, Webster Green filed a wrongful death complaint against the GHA (Count I) and A Plus (Count II),[1] alleging that their negligence was the proximate cause of Mary's death. In her complaint, Webster Green argued that the GHA had assumed a duty to conduct wellness checks on its tenants. On April 9, 2012, the GHA filed a Rule 12(B)(6) motion to dismiss stating in part that Webster Green's complaint failed to establish that the GHA had any duty to perform wellness checks. On May 15, 2012, after the statute of limitations had expired, Webster Green filed her amended complaint, adding Blood and Starks as defendants in Count III, and on June 4, 2012, the

---

[1] Count II is not under consideration here, and we do not venture to make any determination concerning the liability of A Plus or its employees.

3

GHA filed a motion to dismiss, maintaining that the statute of limitations had run. On July 31, 2012, the trial court held a hearing, at which the GHA contended that Count I should be dismissed for failure to state a claim because the facts alleged in her amended complaint failed to establish that the GHA owed or assumed a duty to conduct wellness checks. The GHA also argued that Count III of the amended complaint that added Blood and Starks as defendants should be dismissed, as Webster Green had known of Blood's and Stark's identities and yet failed to join them before the litigation began. The GHA argued that this knowledge precluded Webster Green from utilizing Indiana Trial Rule 15(C), relation back of amendments, to add Blood and Starks after the statute of limitations had run.

On July 30, 2013, the trial court granted the GHA's motion to dismiss Count I and III. It determined that:

> There are no set of circumstances under which the Plaintiff would be entitled to relief, as it is clear on the face of the Plaintiff's Proposed Amended Complaint that Defendant GHA owed no duty to the Plaintiff and therefore could not act negligently (Count I) and that the additional defendants of Woodlawn Community Development Corporation, Jana Blood and Dianne Starks, were joined after the statute of limitations in this cause had expired, even though the Plaintiff knew fully of their identities prior to the commencement of litigation (Count III).

Appellant's App. p. 84. Webster Green now appeals.

## DISCUSSION AND DECISION

### I.  Standard of Review

A motion to dismiss under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of the claim.  Hosler ex rel. Caterpillar, Inc., 710 N.E.2d 193, 196 (Ind. Ct. App. 1999). The complaint must be viewed in the light most favorable to the non-moving party with the issue being whether that complaint states any facts upon which the trial court could grant relief.  Id.  In determining whether any facts will support a claim, the court looks only at the complaint and the reasonable inferences to be drawn from it and may not rely on any evidence that is not in the record.  Id.  If a complaint states a set of facts which, even if true, would not support the relief requested, the case must be dismissed.  Newman v. Deiter, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998).

### II. Count I – Duty of the GHA

In Count I of her amended complaint, Webster Green argues the GHA's negligence was the proximate cause of Mary's death.  Whether a legal relationship exists from which a duty of care arises is a matter of law for the courts to decide.  Webb v. Jarvis, 575 N.E.2d 992, 995 (Ind. 1991).  In order to recover on a negligence theory, a lessee must prove a duty on the part of the lessor and show a breach of that duty.  Houin v. Burger, 590 N.E.2d 593, 597 (Ind. Ct. App. 1992).

Webster Green's complaint alleges that the GHA assumed a duty to perform wellness checks, yet her complaint fails to establish that there was such a duty.  The lease

5

between Mary and the GHA clearly states that the GHA is required to give a lessee 48 hours' notice before entering her apartment. Additionally, the lease states that the GHA may enter a lessee's apartment if it has reasonable cause to believe that an emergency exists, but this certainly does not amount to a duty to perform wellness checks. Appellant's App. p. 66.

Additionally, we believe that the trial court correctly determined that Blood and Starks were not agents of the GHA. The facts as asserted in Webster Green's complaint do not establish that Blood or Starks were employees of the GHA. Rather, they establish that Blood and Starks were employees of Woodlawn. Appellant's App. p. 20. As such, their actions do not impute liability to the GHA. Accordingly, the trial court correctly dismissed Count I.

### III. Count III – Relation Back of Amendment

Webster Green contends that the trial court erred when it determined that the statute of limitations had run and dismissed Count III of her complaint against Blood and Starks. Webster Green added Blood and Starks as defendants after the statute of limitations for a wrongful death action had expired. Under Indiana Code section 34-23-1-1, the personal representative of a decedent must bring a wrongful death action within two years. Webster Green attempts to utilize Indiana Trial Rule 15(C), relation back of amendments, to relate her claim against Blood and Starks back to the original proceeding.

A party may employ Trial Rule 15(C) only if, within 120 days of the action's commencement, the party to be brought in 1) had received such notice of the institution

6

of the action that he will not be prejudiced in maintaining his defense on the merits; and 2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Here, Webster Green knew that Blood and Starks were involved on January 14, 2010, when Mary was discovered in an unresponsive condition in her apartment. She had all the information necessary to know that Woodlawn, Blood, and Starks were involved, and yet did not name them in her original complaint. Rule 15(C) allows relation back for an honest error that results in a mistake of identity, and was "not intended to save parties from the legal or tactical choices made by their lawyers." Porter Cnty. Sheriff Dept. v. Guzorek, 857 N.E.2d 363, 376 (Ind. 2006). Under Rule 15(C), the plaintiff must establish that the requirements are present for Trial Rule 15(C) to apply. Webster Green has not done so. The trial court correctly determined that Webster Green did not fulfill the requirements of Trial Rule 15(C) and that her claims against Blood and Starks are barred by the statute of limitations. Therefore, we conclude that Count III was correctly dismissed.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.