# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**ROBERT F. WAGNER**
**ROBERT R. FOOS**
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ERIC S. PAVLACK**
**COLIN E. FLORA**
Pavlack Law, LLC
Indianapolis, Indiana

**FILED**
Jun 03 2014, 8:56 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CELADON TRUCKING SERVICES, INC., a/k/a CELADON TRUCKING SERVICES OF INDIANA | ) ) ) ) | |
| Appellant- Defendant | ) ) | |
| vs. | ) ) | No. 30A01-1311-CC-0507 |
| UNITED EQUIPMENT LEASING, LLC, | ) ) | |
| Appellee- Plaintiff. | ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard D. Culver, Judge
Cause No. 30C01-1203-CC-0514

**June 3, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Celadon Trucking Services, Inc. (Celadon) appeals from the trial court's grant of United Equipment Leasing's (United) Motion for Relief from the Court's May 31, 2012 Order. On appeal, Celadon presents three issues for our review, which we consolidate and restate as: Did the trial court err in granting United's request for relief?

We affirm.

On February 8, 2012, United purchased 119 transport trailers from Teton Transportation, Inc. (Teton), a Tennessee trucking company.[1] United and Teton immediately executed a Trailer Sublease Agreement (Sublease Agreement), which provided that United, through an affiliated company, would lease the 119 trailers back to Teton. United never took possession of the trailers after the purchase or before executing the Sublease Agreement. The trailers were located at Teton's customer's facilities, attached to Teton's tractors, or parked in various Teton drop lots or at their truck yard in Knoxville, Tennessee. United never received an itemization from Teton as to the locations of the trailers United purchased.

On February 27, 2012, Teton sold substantially all of its assets to Celadon.[2] Two days later, United terminated the Sublease Agreement with Teton and demanded that Teton "deliver the trailers to the point where the trailers were originally received or to such other location designated by [United]" as Teton was obligated to do pursuant to the terms of the Sublease Agreement. *Appellant's Appendix* at 177. Teton did not comply with this provision.

---

[1] Teton is not a party in this action.

[2] After the sale of its assets to Celadon, Teton ceased to be an ongoing business.

United then made similar demands to Celadon in its efforts to locate its trailers. Although Celadon has no contractual obligation to return the trailers to United, Celadon nevertheless provided United with three options concerning the trailers: (1) United could enter into a marshaling agreement whereby it would pay a fee to Celadon to return the trailers to Indianapolis; (2) Celadon could purchase the trailers from United and then Celadon would be responsible for locating the trailers; or (3) Celadon would leave the trailers where they were currently located and it would be United's responsibility to locate and then coordinate the return of the trailers to United's facility. On March 1, 2012, United requested Celadon compile a list of the trailer locations. Approximately three days later, Celadon provided a list of the trailer locations based on information it had received from Teton. Celadon was unable to verify the location of a large portion of the trailers.

On March 12, 2012, United filed its Complaint for Replevin of Property, Damages for Conversion, Recovery of Treble Damages under the Indiana Crime Victims Act, Quantum Meruit and Unjust Enrichment against Celadon. Contemporaneously therewith, United filed a Motion for Order Requiring Defendant to Appear at Hearing on Replevin and Prejudgment Attachment in which United requested the trial court consolidate the preliminary and final hearings such that the hearing would be a final hearing on the matter. The trial court issued an order setting a hearing for March 28 and ordering that the hearing would be "a final hearing on [United's] entitlement to possession of the Collateral." *Appellant's Appendix* at 31. After a continuance, a hearing was finally held on April 26, 2012.

During the April 26 hearing, Celadon did not dispute that United is the owner of the 119 trailers. Celadon claimed that it had only touched or moved nineteen of United's trailers and that was because they were attached to Teton's tractors when Celadon finalized the asset purchase agreement with Teton. Celadon claimed that it had not asserted control over any other trailers owned by United.

The trial court issued its findings of fact and conclusions of law on May 31, 2012. The trial court concluded that United had satisfied the first element of replevin in that United established its right to possession of the 119 trailers. The trial court thus ordered that United "is the true and rightful owner of the Trailers and is entitled to immediate possession[.]" *Appellant's Appendix* at 103. The trial court further concluded, however, that United had not proven the second and third elements of replevin because it failed to establish that the trailers were unlawfully detained or that Celadon wrongfully had possession of the trailers. Thus, the trial court concluded that United was not entitled to damages.[3] The court made no further determination with respect to the remaining claims set forth in United's complaint.

On July 17, 2012, Celadon[4] filed a Motion to Dismiss United's Complaint in its entirety.[5] The trial court held a hearing on this motion on September 24, 2012, and took the matter under advisement. On May 30, 2013, United filed a Motion for Relief from the

---

[3] The trial court stated, "United has failed to prove that Celadon has any contractual or common law obligation to find and/or return the 119 trailers, Celadon is under no obligation to deliver the Trailers at a location to be determined and specified by United as requested in the second part of subparagraph (b) of Count I – Replevin of Plaintiff's Complaint." *Appellant's Appendix* at 103.

[4] The entry in the trial court's chronological case summary identifies the Motion to Dismiss as having been filed by "the Defendant, United Equipment Leasing." *Appellant's Appendix* at 5. This appears to be a typographical error as it is clear from the record that it was in fact Celadon who filed the Motion to Dismiss.

4

Court's May 31, 2012 Order. The trial court held a hearing on United's Motion for Relief on July 15, 2013. During this hearing, United informed the court that since the April 26, 2012 hearing and the court's subsequent order, its efforts to recover the trailers revealed that at least two of its trailers were on Celadon's property and that there was evidence that Celadon was in fact using at least one of United's trailers. This newly discovered evidence was the basis for United's request for relief. On October 25, 2013, the trial court issued an order granting United's Motion for Relief without comment and denying Celadon's Motion to Dismiss. Celadon now appeals.

Our standard of review in evaluating a trial court's reconsideration of its prior ruling is abuse of discretion. *In re Estate of Hammar,* 847 N.E.2d 960 (Ind. 2006). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Ind. Univ. Med. Ctr. v. Logan,* 728 N.E.2d 855, 859 (Ind. 2000).

We begin by considering the nature of the trial court's May 31, 2012 order. Indiana Trial Rule 54(B) provides:

> When more than one [1] claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, *any order or other form of decision, however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties . . . .

---

[5] Celadon's motion to dismiss was based upon the trial court's conclusion for purposes of the replevin claim that United had not established that Celadon wrongfully held possession of United's trailers.

5

(Emphasis supplied). In its ruling on the issue of replevin, the trial court did not make an express determination that there is no just reason for delay and did not expressly direct entry of judgment. The court's findings and conclusions were on the issue of replevin only, and there several remaining claims contained within United's complaint. The trial court's determination as to the issue of replevin was thus not a final judgment, but rather remained interlocutory in nature.

With this in mind, we consider Celadon's arguments. Celadon argues that United's request for relief is an impermissible attempt to appeal the court's May 31, 2012 order. Celadon asserts that pursuant to Ind. Trial Rule 52(B), a party may reopen a judgment only through a motion to correct error under Ind. Trial Rule 59. We note that T.R. 52 governs findings by the court in the entry of a judgment pursuant to Ind. Trial Rule 58.[6] Further, the remedy for amending findings and a judgment under T.R. 52 is to file a motion to correct error under T.R. 59, which in and of itself only provides a mechanism for addressing newly discovered evidence capable of production within thirty days of a *final judgment*.[7] As noted above, the court's May 31, 2012 order was not a final judgment. Celadon's reliance on T.R. 52 to characterize the trial court's order of May 31, 2012 as a judgment that can be challenged only through a motion to correct error or an appeal is misplaced.

---

[6] T.R. 52(A) provides: "In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58." The rule continues by outlining under what circumstances the court is required to enter special findings in the course of entering a judgment.

[7] T.R. 59(A) provides that a motion to correct error may be sought on grounds of "[n]ewly discovered material evidence . . . capable of production within thirty (30) days of final judgment . . . ."

Celadon also argues that because the court's Findings of Fact and Conclusions of Law following the April 26, 2012 hearing were not a final judgment, relief under T.R. 60(B) was inappropriate because that rule applies only to final judgments. In *Mitchell v. 10th & The Bypass*, LLC, 3 N.E.3d 967 (Ind. 2014), our Supreme Court noted a 2008 amendment to T.R. 60(B) that deleted the word "final" from the rule such that the express language of the rule no longer limits relief only from a "final" judgment. Celadon is thus incorrect in its assertion that the finality aspect of the court's May 31, 2012 order foreclosed the court from considering United's Motion for Relief pursuant to T.R. 60(B). T.R. 60(B) is a mechanism that a party can use to seek relief from a prior order of a court, even if the matter has not proceeded to a final judgment.

We note that United based its Motion for Relief on T.R. 60(B)(3) and (8), and as we have determined, T.R. 60(B) is a proper mechanism for seeking relief from a non-final order of the court. In addition to the remedies afforded by T.R. 60(B), however, we note that T.R.54(B) also provides a mechanism to seek relief from a prior court order. T.R. 54(B) provides that "an order or other form of decision *is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis supplied.) Our Supreme Court recently reiterated:

> The highlighted portions of Rule 54(B), [*supra,*] represent this Court's recognition, through its rule making authority, of a well-settled practice in this state, namely: "We have long and consistently held a trial court has inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment."

*Mitchell v. 10th & The Bypass*, LLC, 3 N.E.3d at 972 (quoting *Haskell v. Peterson Pontiac GMC Trucks*, 609 N.E.2d 1160, 1163 (Ind. Ct. App. 1993)).

The trial court's grant of United's motion for relief is sustainable under the trial court's inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment. This is precisely what the trial court did in this case. The trial court was well within its discretion to grant United the requested relief.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.