

**FILED**

Dec 14 2018, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William O. Harrington
Harrington Law, P.C.
Danville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Peter Coles,<br>*Appellant-Respondent,*<br><br>v.<br><br>Mary (Coles) McDaniel,<br>*Appellee-Petitioner* | December 14, 2018<br><br>Court of Appeals Case No.<br>23A05-1712-DR-2817<br><br>Appeal from the Fountain Circuit Court<br><br>The Honorable Stephanie S. Campbell, Judge<br><br>Trial Court Cause No.<br>23C01-1301-DR-35 |

**May, Judge.**

[1] Peter Coles ("Husband") appeals the trial court's grant of Mary (Coles) McDaniel's ("Wife") motion for relief from judgment and the trial court's subsequent division of certain real property of the marriage. We affirm.

# Facts and Procedural History

Husband and Wife were married in 1991. On January 30, 2013, Wife filed for dissolution. Wife served a series of interrogatories on Husband on January 8, 2015, and Husband answered those interrogatories on March 11, 2015. As part of those interrogatories, Husband was asked if he owned any real estate. The parties did not own real estate together, however, Husband held a remainder fee-simple interest in real estate subject to his mother's life estate ("Lizton House"), which he did not disclose on the interrogatories.

The parties agreed to terms resolving all issues related to dissolution and submitted their Dissolution Settlement Agreement to the court. On August 12, 2015, the trial court entered a decree of dissolution, incorporating the custody, support, and property settlement agreements from the Dissolution Settlement Agreement.

On March 22, 2016, Wife filed a motion for relief from judgment, alleging Husband did not disclose his interest in certain real property prior to the Dissolution Settlement Agreement. Specifically, Wife directed the trial court to two of Husband's answers to interrogatories wherein he indicated he did not own real estate. Wife claimed she was entitled to relief because she would not have entered into their Dissolution Settlement Agreement if had she known of Husband's interest in the Lizton House.

The trial court first ordered the parties to mediation, but mediation was unsuccessful. The trial court held a hearing on February 14, 2017. On April 14, 2017, the trial court entered findings of fact and conclusions of law granting

Wife's motion to set aside the portions of the Dissolution Settlement Agreement regarding the parties' debts and assets. The trial court ordered the parties to participate in mediation to determine the value of those debts and assets prior to the court holding a final hearing on the matter. Mediation was again unsuccessful. The trial court held a hearing on September 29, 2017, and then entered an order distributing the relevant debts and assets on November 5, 2017 ("2017 Property Order").

# Discussion and Decision

[6] As an initial matter, we note Wife did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

## Order Granting Wife Relief from Judgment

[7] Whether to grant a motion for relief from judgment under Indiana Trial Rule 60(B) is within the discretion of the trial court, and we reverse only for abuse of that discretion. *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind. Ct. App. 1998). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *Id*. When we review a trial court's decision, we will

not reweigh the evidence. *Beike v. Beike*, 805 N.E.2d 1265, 1267 (Ind. Ct. App. 2004).

[8] Where, as here, the trial court entered findings *sua sponte* after a bench trial, the findings control our review and judgment only as to those issues specifically referenced in the findings. *See Samples v. Wilson*, 12 N.E.3d 946, 949-50 (Ind. Ct. App. 2014). When the trial court does not make specific findings on an issue, we apply a general judgment standard, and we may affirm on any legal theory supported by the evidence adduced at trial. *Id*. at 950.

> A two-tier standard of review is applied to the *sua sponte* findings and conclusions made: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. In conducting our review, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. We will neither reweigh the evidence nor assess witness credibility.

*Id*. Husband does not challenge the trial court's findings, and thus they stand as proven. *See Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992) ("Because Madlem does not challenge the findings of the trial court, they must be accepted as correct."). Thus, we turn to whether those findings support the trial court's decision. *Samples*, 12 N.E.3d at 950.

[9] Indiana Trial Rule 60(B)(3) provides for relief from a judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" In its order granting Wife's motion for relief from judgment, the trial court found Husband submitted incomplete or false answers to some of Wife's interrogatories as part of the dissolution action. In addition, the trial court made other relevant findings, including:

11. Husband's responses to request for document production contained a total of thirty-eight (38) pages, and Exhibit C consisted of only two (2) documents. One document is an untitled document that does not list any address, but does contain a parcel number and a past due balance with handwriting from an unidentified source that states "This property is eligible for tax sale this year. You hold the life estate so the taxes are your responsibility." The second page of Exhibit C is another untitled document that appears to be a tax statement of current account balance and refers to the same parcel number. It appears to be addressed to Pauline Coles but also lists [Husband's] Reservation of Life Estate.

12. Interrogatory No. 26 directs husband to "list all real or personal property in which you have a present or future interest, which you claim as inherited and/or property not to be included as marital property". Husband responded "Investigation continues".

13. There was no evidence that husband ever supplemented his discovery responses with regard to any real property interest.

14. Evidence at the hearing on wife's motion to set aside judgment showed that both documents in Exhibit C of the discovery responses pertain to a parcel of property in which husband's mother held a life estate and husband held the

remainder. Wife testified that property tax assessments on the property value [sic] over $100,000.00. No evidence was presented as to the value of husband's remainder interest.

15. At the hearing on February 14, 2017, wife testified that she never reviewed husband's discovery responses, nor did she review the responses with her attorney, prior to entering the Settlement Agreement.

16. Wife also testified that prior to entering the Settlement Agreement, she was aware that husband's mother had granted husband a remainder interest in her residence in Lizton, Indiana, during the parties' marriage.

17. According to wife, husband's mother "put husband's name on her property" to protect herself in the event she made a "stupid financial decision" in her old age.

18. In paragraph 5 of the Settlement Agreement, the parties acknowledged that "they own no real estate together." (Emphasis added). Nowhere in their Settlement Agreement do the parties acknowledge that they own no [sic] real estate. In paragraph 12 of their Settlement Agreement, "the parties acknowledge that they have disclosed all financial marital assets in this proceeding[.]"

19. Husband argues that he did not sign the discovery responses and that they were provided to wife's counsel with only husband's counsel signing as to objections. Husband's signature line "as to answers" is blank.

20. Wife testified that if she had known that husband had a pecuniary interest in the property she would not have entered into the property settlement agreement under the same terms and

that the value of the property is a substantial asset that should be included in the marital estate and divided between the parties by the Court.

(App. Vol. II at 17-8.)

[10] Based on those findings, the trial court determined Wife was entitled to relief from the judgment. Citing *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65 (Ind. 2006), the trial court specifically concluded:

> 25. Husband's false or incorrect (whether intentional or not) answer to Interrogatory number 4, his failure to answer Interrogatory number 26, and then his claim that he did not respond to the discovery request because he did not sign the responses that were submitted to wife would be in fact allowing husband to make a game and mockery of the discovery process that is required by the Trial Rules. Husband had a duty to respond honestly and fully to each interrogatory, not contend that an answer to a request for production trumps his Interrogatory Answers and expect wife to recognize this. Nor should he be permitted to submit responses without his signature and then argue that wife should not rely on the information in the discovery responses. Husband had a duty to comply with both the letter and the spirit of the discovery rules and this Court finds he did not.

> 26. Further, husband executed the property settlement agreement with the acknowledgement that he had disclosed all financial marital assets. Even giving husband every benefit, it cannot be said with certainty that he did in fact disclose his present interest in the real estate.

(App. Vol. II at 18-9.) Husband argues the trial court's conclusion is incorrect as a matter of law of because the misconduct standard under Indiana Trial Rule 60(B)(3) does not apply to this case.

[11] In *Markley*, the case cited by the trial court, our Indiana Supreme Court set forth factors required for a party to show that she is entitled to relief for another party's misconduct under Indiana Trial Rule 60(B)(3): (1) the relevant discovery responses amounted to misconduct; (2) the misconduct prevented the complaining party from fully and fairly presenting its case at trial; and (3) the complaining party has made a prima facie showing of a meritorious defense. *Markley*, 856 N.E.2d at 74.

[12] In *Markley*, a patron at the grand opening of an Outback Steakhouse, William Whitaker, allegedly became intoxicated and caused an accident that injured the Markleys. The Markleys sued Outback Steakhouse, claiming Outback negligently served alcohol to an intoxicated person, knowingly served alcohol to an habitual drunkard, and knowingly served alcohol to a visibly intoxicated person. Outback served interrogatories on the Markleys, including one that requested:

> State specifically each and every fact upon which you rely to support your allegation under I.C. § 7.1-5-10-15.5 that these Defendants, and each of them, provided alcoholic beverages to William J. Whitaker with actual knowledge that he was visibly intoxicated, and the names and addresses of those persons possessing knowledge of such facts.

*Id*. at 75. The Markleys did not disclose the name of Roysdon, whom they knew to be present at the time of the incident, because they did not intend to call her as a witness. Outback deposed Roysdon prior to trial and subpoenaed her to testify in Outback's defense, as Roysdon told Outback in her deposition that Whitaker was not visibly intoxicated when she saw him at the grand opening.

[13] However, during the trial, Roysdon contacted the Markleys and told them that she had lied to Outback and that she had observed Whitaker visibly intoxicated at the grand opening. She did not communicate any of her change in testimony to Outback, nor did the Markleys. When the trial resumed, the Markleys called Roysdon as a witness, much to the surprise of Outback, who did not object to Roysdon's serving as a witness and was given an opportunity to cross examine Roysdon.

[14] After the jury returned a verdict finding Outback 65% at fault for the Markleys' injuries, Outback filed a motion to correct error, asking for a new trial based on the circumstances surrounding Roysdon's testimony. Outback also filed a motion for a new trial under Indiana Trial Rule 60(B). The trial court denied all of Outback's post-trial motions, and Outback appealed. On appeal, Outback argued they were entitled to relief from the judgment under Indiana Trial Rule 60(B)(3) because the Markleys violated various trial rules when they: (1) did not initially disclose their knowledge of Roysdon in the interrogatory, and (2) did not supplement that interrogatory when Roysdon came to the Markleys during trial. Our Indiana Supreme Court agreed with Outback and concluded:

> [T]he [Markleys'] failure to identify Roysdon as a person with knowledge of the relevant facts was a negligent if not intentional breach of its discovery obligations. Subsequently, [the Markleys] failed to supplement their response with the substance of her change in testimony. As these events unfolded, these omissions cascaded into a closing argument that materially misled the jury. The cumulative effect was misconduct prejudicing Outback's defense.

*Id*. at 74.

[15] Husband argues *Markley* is

> inapposite and readily distinguishable from the facts in the instant case, because this case involves a property settlement agreement in a dissolution of marriage case and not a jury trial in a personal injury case. Moreover, there was not even a bench trial in this case. Therefore, it would be impossible to evaluate the impact of [Husband]'s alleged "misconduct" on the "full and fair" presentation of a case at trial.

(Br. of Husband at 28.) We disagree with Husband. Despite the difference in procedural posture, the legal analysis directly applies to this case. In addition, the prejudice referenced in *Markley*, a personal injury case, also applies in cases where there is no trial. *See Stonger v. Sorrell*, 776 N.E.2d 353, 355-6 (Ind. 2002) (analysis of Indiana Trial Rule 60(B)(3) as applied to a divorce proceeding).

[16] In *Markley*, our Indiana Supreme Court first noted the standard for interpretation of the requests in interrogatories and the requirements for the answers to interrogatories:

> Interrogatories should not "be interpreted with excessive rigidity or technicality, but a rule of reason should be applied." Additionally, answers to interrogatories "must be responsive, full, complete and unevasive." This commonsense approach to the interpretation of interrogatory requests furthers the purposes of discovery, namely, to allow parties to obtain evidence necessary to evaluate and resolve their dispute based on a full and accurate understanding of the true facts, to promote settlement, to remove surprise from trial preparation, and to narrow the disputed issues and facts requiring trial.

*Markley*, 856 N.E.2d at 75-6 (internal citations omitted).

[17] Here, the trial court found that Husband's answers to the relevant interrogatories, including the reply, "Investigation continues," (App. Vol. II at 17), made a mockery of the discovery process, especially considering Husband did not later supplement that response and considering Husband indicated as part of the Dissolution Settlement Agreement that he had disclosed all real property interests. Further, Wife indicated she would not have entered into the Dissolution Settlement Agreement that excluded the Lizton House if she had known Husband's interest therein. We therefore conclude the findings support the trial court's conclusion that Wife was entitled to relief from judgment under Indiana Trial Rule 60(B). *See Markley*, 856 N.E.2d at 73 (listing factors to determine misconduct under Indiana Trial Rule 60(B)(3)).

## Division of Property Following Relief from Judgment

[18] "The division of marital assets lies within the sound discretion of the trial court and we will reverse only for an abuse of that discretion." *Fischer v. Fischer*, 68

N.E.3d 603, 608 (Ind. Ct. App. 2017), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id.* In our review of the trial court's decision, we do not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the trial court's disposition. *Id.*

[19] In its order granting Wife relief from judgment, the trial court vacated all property division provisions in the Dissolution Settlement Agreement between the parties. Then, in its 2017 Property Order, it divided the property as follows:

> The terms of the previously approved property settlement agreement is [sic] reaffirmed, with the additional order that wife and husband shall have set over to them as tenants in common the interest that husband held as of the date of the filing of separation and now fully vested remainder interest in the real property 106 N. Mulberry St., Lizton, IN, parcel number 32-03-29-440-002.000-021.
>
> Husband is ordered to cause to be prepared and to execute a deed transferring an undivided one-half interest to wife as tenant in common to wife [sic] within 7 days of the issuance of this order.

(App. Vol. II at 21-2.) The trial court also divided Wife's pension, which was not included in the Dissolution Settlement Agreement.

[20] Husband argues the trial court abused its discretion when it divided his fee simple interest in the Lizton House when, at the time of separation, he had only a remainder interest in fee simple in the Lizton House. However, Husband

provided the trial court with no evidence regarding the value of the property either at time of separation or at the time the trial court granted Wife relief from the Dissolution Settlement Agreement. Therefore, he is estopped from challenging the manner in which the trial court distributed the property. *See In re Marriage of Church*, 424 N.E.2d 1078, 1081 (Ind. Ct. App. 1981) (holding that "any party who fails to introduce evidence as to the specific value of marital property . . . is estopped from appealing the distribution on the ground of the trial court abuse of discretion based on that absence of evidence").

# Conclusion

[21] The trial court's findings support its conclusion that Wife was entitled to relief from the dissolution settlement agreement because Husband engaged in misconduct when he provided evasive answers to interrogatories regarding the ownership of real property. Additionally, Husband is estopped from challenging the manner in which the trial court divided the Lizton House between the parties because he did not present evidence regarding its value at any time. Accordingly, we affirm.

[22] Affirmed.

Riley, J., and Mathias, J., concur.