## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 23 2019, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Perry D. Shilts
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Robert Owen Vegeler
Vegeler Law Office LLC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Perry D. Shilts,

*Appellant-Defendant,*

v.

Anthony Kohrman,

*Appellee-Plaintiff.*

May 23, 2019

Court of Appeals Case No.
18A-PL-2339

Appeal from the Allen Superior Court

The Honorable Craig J. Bobay, Judge

Trial Court Cause No.
02D02-1805-PL-149

**Friedlander, Senior Judge.**

[1] Perry Shilts appeals the trial court's declaratory judgment in favor of Anthony Kohrman. Concluding the court's decision was not clearly erroneous, we affirm.

[2] Anthony Kohrman (Anthony) married Kristine Kohrman (Kristine) in 2004. In 2010, Kristine filed for a dissolution of their marriage. A settlement agreement and decree of dissolution were entered on April 16, 2015.

[3] Shilts, an attorney, initially represented Kristine in the dissolution action. By the time the settlement agreement was entered, however, Shilts no longer represented her. Nevertheless, on May 19, 2015, Shilts filed his notice of intention to file and hold a lien for his attorney fees, which was then supplanted by a judgment he received against Kristine on August 20 for $22,261.89. Kristine eventually filed bankruptcy.

[4] Subsequently, in the course of attempting to refinance the mortgage for the marital residence, Anthony was informed that Shilts' judgment against Kristine was appearing as a lien on the property, which prevented him from refinancing. In May 2018, Anthony filed this declaratory judgment action against Shilts seeking a declaration that Shilts' judgment did not and could not attach to the real estate because Kristine did not have an interest to which it could attach. Following a trial to the bench, judgment was entered in favor of Anthony. Shilts now appeals.

[5] Indiana Trial Rule 52(A) sets forth the standard of review that an appellate court must utilize when considering the appeal of a trial court judgment entered after a bench trial. In the present case, the record does not reflect a request by either of the parties for specific findings. Instead, it appears the trial court entered specific findings of fact and conclusions thereon sua sponte. The

court's findings control only as to those issues specifically referenced therein, and the findings and judgment will be set aside only if they are clearly erroneous, meaning that there are no facts or inferences supporting them. *Coles v. McDaniel*, 117 N.E.3d 573 (Ind. Ct. App. 2018). Further, a judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* In conducting our review, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom. We will neither reweigh the evidence nor assess witness credibility. *Id.* As to the issues on which there are no findings, we apply a general judgment standard. *Bock v. Bock*, 116 N.E.3d 1124 (Ind. Ct. App. 2018).

[6] Additionally, a judgment is clearly erroneous under Trial Rule 52 if it relies on an incorrect legal standard. *Blacklidge v. Blacklidge*, 96 N.E.3d 108 (Ind. Ct. App. 2018). We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions. *Id.* Moreover, we may affirm a judgment on any legal theory, whether or not relied upon by the trial court, so long as the trial court's findings are not clearly erroneous and support the theory adopted. *Id.*

[7] Here, Shilts does not challenge the court's findings, and thus they are accepted as correct. *See Coles*, 117 N.E.3d 573 (stating that because party did not challenge court's findings on appeal, they stand as proven) (citing *Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992)). Rather, he disputes the court's conclusion that Kristine's interest established by the settlement agreement was not an interest in the real estate to which a lien or judgment could attach.

[8] At the time Anthony and Kristine's settlement agreement was submitted to the court, both parties were unrepresented. Paragraph 21 of the settlement agreement is at the heart of this controversy. It provides:

> 21. The Wife shall have undivided possession of the Marital Residence as long as the youngest Child remains unemancipated and continues in full-time secondary or post-secondary educational enrollment or until the Child turns 19 years of age, whichever occurs first. Thereafter, if the Marital Residence is sold and the Wife has reasonably maintained the condition so as to maximize its sale price, Husband shall give to Wife twenty percent (20%) of the net sale proceeds after all closing costs and mortgages/encumbrances are paid. The Wife has no right to mortgage, lien or encumber the Marital Residence.

Ex. Vol. I, pp. 94-95. The court determined that Kristine's "interest in proceeds from a potential future sale of real estate does not equate to an ownership interest, especially when that individual is not listed as a title owner of the property and is no longer married to the title owner, regardless of whether that individual still resides at the property." Appellant's App. Vol. II, p. 21.

[9] Pursuant to the specific language of the settlement agreement, Kristine was to receive 20% of the net proceeds upon the sale of the marital residence. Kristine's interest in 20% of the sale proceeds was contingent upon 1.) a future sale of the residence and 2.) Kristine's adequate maintenance of the condition of the residence. Thus, by its terms, the settlement agreement awarded Kristine a contingent, future interest in sale proceeds, not an interest in the real estate

itself.[1] Indeed, this conclusion is further supported by the agreement's explicit restriction that Kristine had no right to mortgage, lien, or encumber the real estate. Consequently, Kristine had no interest in the real estate to which Shilts' lien and/or judgment could attach, and Shilts is unable to enforce his judgment against the real estate.[2]

[10] For the reasons stated, we conclude the trial court's decision was not clearly erroneous.

[11] Judgment affirmed.

---

[1] Further evidence of the conditional nature of Kristine's interest is the parties' modification to their settlement agreement. On December 15, 2016, Kristine and Anthony filed a joint stipulation in their dissolution action, which was approved by the court and provided, in pertinent part:

> 5. The parties agree that the Wife has needed to rely on husband[']s fi[n]ances to maintain the property in a manner that will keep its value.

> 6. The need to rely on husband to maintain the Real Estate described in the above paragraph negates the Wife's future interest.

> 7. The Wife and the Husband agree that she have no interest in the Real Estate as the condition precedent was not and [cannot] be [met].

Ex. Vol. I, p. 20. Thus, not only did Kristine not have an interest in the marital residence real estate, but also she relinquished her 20% interest in the proceeds of the sale thereof due to her inability to adequately maintain the marital residence, which was a condition precedent of her receipt of 20% of the sale proceeds.

[2] The parties do not dispute that a judgment against Kristine alone cannot be enforced against Anthony and his interest in the property. *See Windell v. Miller*, 687 N.E.2d 585 (Ind. Ct. App. 1997) (stating that because former husband's undivided interest in marital residence could not be encumbered by liens against former wife and former wife's creditors could not enforce claims against former husband, former husband's interest in property was not liable to execution to satisfy former wife's liens).

Kirsch, J., and Pyle, J., concur.