# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2019, 7:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Danny E. Glass
John J. Kreighbaum
Evansville, Indiana

ATTORNEYS FOR APPELLEE

L. Katherine Boren
Allyson R. Breeden
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| June Russell and Betty Stevens, *Appellants/Cross-Appellees/Defendants,* <br><br> v. <br><br> Anh Bui, *Appellee/Cross-Appellant/Plaintiff,* | August 7, 2019 <br><br> Court of Appeals Case No. 18A-CT-2299 <br><br> Appeal from the Vanderburgh Circuit Court <br><br> The Honorable Kelli E. Fink, Magistrate Judge <br><br> Trial Court Cause No. 82C01-1701-CT-500 |

**Tavitas, Judge.**

# Case Summary

June Russell and Betty Stevens (collectively "Appellants") appeal the trial court's denial of their motion for relief from judgment/order in litigation brought against them by Anh Bui. We affirm.

# Issue

Appellants raise three issues, which we consolidate and restate as whether the trial court properly denied their motion for relief from judgment/order.

# Facts

On February 7, 2015, Stevens and Russell were in Russell's vehicle with Stevens driving, and they were involved in a collision with Bui's vehicle. The officer responding to the collision did not create a police report, but he suggested Bui take a picture of Stevens' driver's license.

On January 27, 2017, Bui filed a complaint against Russell alleging negligence. On March 27, 2017, Russell filed an answer and affirmative defenses denying that she was driving the vehicle and contending that Bui had failed to name the proper party as a defendant.

On May 19, 2017, Bui filed a motion for leave to file an amended complaint to, in part, add Stevens as a defendant. The motion stated: "Plaintiff's counsel was unaware prior to Defendant Russell's filing of her Answer that Russell was not the party driving the vehicle that caused the Plaintiff's injuries." Appellants' App. Vol. II p. 23. The motion also provided: "This motion is timely made

pursuant to Indiana Trial Rule 15 as it is filed within 120 days of commencement of the action. This motion is in good faith and not for hindrance or delay and the interests of justice allow for the filing of such Amended Complaint." *Id.* at 24. Russell objected to the motion. In a reply to Russell's objection, Bui contended that, when her counsel gathered all documents regarding the accident to prepare the complaint, none of the documents mentioned a possible driver other than Russell. After a hearing, on June 27, 2017, the trial court granted Bui's motion to amend the complaint to add Stevens as a defendant.

[6] On March 29, 2018, Appellants filed a "Motion for Relief From Judgment/Order" pursuant to Indiana Trial Rule 60(B)(2). *Id.* at 74. Appellants argued that, during discovery, Bui produced a photograph of Stevens' driver's license, which Bui took on the day of the accident. Appellants contended that Bui "should not be permitted to take advantage of the provisions of Trial Rule 15 when she possessed all the information she needed to file suit against the driver of the car and not the owner." *Id.* at 79. In response, Bui argued that she "did not read the name on the driver's license on the day of the collision" and that the correspondence she received after the collision referenced Russell, not Stevens.

[7] After a hearing on the matter, the trial court denied Appellants' motion for relief from judgment/order. The trial court then granted a motion for certification of the order for interlocutory appeal, and this Court accepted jurisdiction over the appeal pursuant to Indiana Appellate Rule 14(B).

<h1 align="center">Analysis</h1>

[8] Appellants argue that the trial court erred by denying their motion for relief from judgment/order under Indiana Trial Rule 60(B)(2). We review "the denial of a Rule 60(B) motion for an abuse of discretion." *Alves v. Old Nat. Bank*, 929 N.E.2d 892, 895 (Ind. Ct. App. 2010)). "An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law." *Coles v. McDaniel*, 117 N.E.3d 573, 576 (Ind. Ct. App. 2018). "When we review a trial court's decision, we will not reweigh the evidence." *Id.*

[9] Indiana Trial Rule 60(B)(2) provides: "On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment . . . for . . . (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59."[1]

---

[1] Although Trial Rule 60(B) applies to a "judgment," our courts have held that the judgment is not required to be a "final judgment." *See Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967 (Ind. 2014*); Celadon Trucking Servs., Inc. v. United Equip. Leasing, LLC*, 10 N.E.3d 91, 95 (Ind. Ct. App. 2014), *trans. denied*. The term "judgment" is defined in Trial Rule 54(A) as including "a decree and any order from which an appeal lies." Under Indiana Trial Rule 60(C), a ruling denying or granting relief under Rule 60(B) "shall be deemed a final judgment, and an appeal may be taken therefrom as in the case of a judgment."

Despite Trial Rule 60(C), Appellants requested and were granted an interlocutory appeal pursuant to Indiana Appellate Rule 14(B). On cross-appeal, Bui argues that Appellants' appeal was untimely because they did not appeal within thirty days of the Rule 60(B) ruling and instead requested certification of the order for interlocutory appeal. Our motions panel considered Bui's arguments and allowed the interlocutory appeal. We have the "inherent authority to reconsider any decision while an appeal remains *in fieri*," but we are "reluctant to overrule orders decided by the motions panel." *Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011). Under these circumstances, we decline to reconsider the motions panel's decision, and we will address Appellants' arguments.

Appellants contend that the trial court should have granted their motion for relief from judgment/order because, based on the newly discovered photograph of Stevens' driver's license, Bui's claims against Stevens should not have related back under Trial Rule 15(C).

[10] Bui's claims were subject to a two-year statute of limitations, and Bui had until February 7, 2017, to file her claim. *See* Ind. Code § 34-11-2-4. Bui filed her original complaint against Russell within the statute of limitations on January 27, 2017. Bui filed her motion to amend the complaint to add Stevens on May 19, 2017, 101 days after the statute of limitations ran and 112 days after her initial complaint.

[11] "Under Trial Rule 15(C), a plaintiff may add an entirely new defendant after the statute of limitations has run only after demonstrating that the conditions of the rule governing relation back of amendments have been satisfied." *Brown v. Vanderburgh Cty. Sheriff's Dep't*, 85 N.E.3d 866, 869 (Ind. Ct. App. 2017). "The party who seeks the benefit of the relation back doctrine bears the burden of proving that the conditions of Trial Rule 15(C) are met." *Id.* at 870. Indiana Trial Rule 15(C) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

[12] Thus, in order for an amended complaint changing the party against whom the claim is brought to relate back, it must meet the following three requirements: (1) the claim in the amended complaint has to arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint; (2) within 120 days after the commencement of the action, the party to be brought into the action must have received notice of the institution of the action so that the party will not be prejudiced in maintaining a defense on the merits; and (3) within 120 days after commencement of the action, the party knew or should have known that, absent a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by the amendment. *Sinks v. Caughey*, 890 N.E.2d 34, 40 (Ind. Ct. App. 2008).

[13] Indisputably, the claim against Stevens arose out of the same incident set forth in the original complaint. Additionally, the claim against Stevens was brought within 120 days of the commencement of the action. Appellants' only argument on appeal is that Bui's failure to name Stevens in the initial complaint was not due to a "mistake"; rather, Appellants contend the rule did not intend to cover "careless or inattentive" actions. Appellants' Br. p. 12. Appellants

argue that Bui had a photograph of Stevens' driver's license on the day of the incident and, accordingly, Bui's motion to amend her complaint to add Stevens should have been denied.

[14] In support of their argument, Appellants rely, in part, on *Green ex rel. Estate of Webster v. Hous. Auth. of City of Gary*, 10 N.E.3d 518 (Ind. Ct. App. 2014).[2] In *Green*, the plaintiff amended her complaint to add two defendants after the statute of limitations had run. The trial court granted a motion to dismiss the new count. On appeal, we noted that the two new defendants had been known since the day of the incident. We held:

> Rule 15(C) allows relation back for an honest error that results in a mistake of identity, and was "not intended to save parties from the legal or tactical choices made by their lawyers." *Porter [Cty.] Sheriff Dept. v. Guzorek*, 857 N.E.2d 363, 366 (Ind. 2006). Under Rule 15(C), the plaintiff must establish that the requirements are present for Trial Rule 15(C) to apply. Webster Green has not done so. The trial court correctly determined that Webster Green did not fulfill the requirements of Trial Rule 15(C) and that her claims against Blood and Starks are barred by the statute of limitations.

*Green*, 10 N.E.3d at 522.

---

[2] Appellants also rely on the dissent in *Porter Cty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363 (Ind. 2006), rather than the majority opinion.

We conclude that *Green* is distinguishable here. Bui submitted an affidavit, which provided:

> . . . . .
>
> 2. I took a picture of a driver's license with my phone on the day of the accident at the suggestion of the law enforcement officer. I did not read the name on the driver's license.
>
> 3. I did not know a person by the name of Betty Stevens was the driver of the vehicle that hit mine until after I filed a lawsuit.
>
> 4. Following the accident and through the date I decided to file suit regarding the accident, no correspondence I received from any source regarding the accident mentioned Betty Stevens' name or the fact that she was the driver. All of the correspondence had the name of June Russell.
>
> 5. It was my honest belief that June Russell was the driver.

Appellants' App. Vol. II p. 90.

[16] Unlike *Green*, here, Bui submitted evidence that the failure to join Stevens was an honest error rather than a deliberate strategy. Our Supreme Court has held: "'The 'mistake' condition does not isolate a specific type or form of error in identifying parties, but rather is concerned fundamentally with the new party's awareness that failure to join it was error rather than a deliberate strategy.'" *Guzorek*, 857 N.E.2d at 371 (quoting *In re Integrated Res. Real Estate Ltd. P'ship Sec. Litig.*, 815 F.Supp. 620, 644 (S.D.N.Y. 1993)), *reh'g denied*. Under such

circumstances, Trial Rule 15(C) applies, and the trial court's denial of Appellants' motion was not an abuse of discretion.

## Conclusion

[17] The trial court did not abuse its discretion by denying Appellants' motion. We affirm.

[18] Affirmed.

Crone, J., and Bradford, J., concur.