# FOR PUBLICATION



ATTORNEY FOR APPELLANTS:

BRYAN LEE CIYOU
Ciyou & Dixon, P.C.
Indianapolis, Indiana

FILED
Jul 03 2012, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MATTER OF THE PATERNITY OF S.C.: ) | |
| ) | |
| K.C., ) | |
| ) | |
| Appellant-Respondent, ) | |
| ) | |
| and ) | |
| ) | |
| C.C., ) | No. 30A01-1107-JP-322 |
| ) | |
| Appellee-Petitioner, ) | |
| ) | |
| and ) | |
| ) | |
| B.H., ) | |
| ) | |
| Appellee-Intervenor. ) | |

APPEAL FROM THE HANCOCK CIRCUIT COURT
The Honorable Richard Culver, Judge
Cause No. 30C01-0810-JP-156

**July 3, 2012**

**OPINION ON REHEARING - FOR PUBLICATION**

**FRIEDLANDER, Judge**

In *In re the Matter of the Paternity of S.C.,* we affirmed the Hancock Circuit Court's grant of B.H.'s Verified Petition for Relief from Judgment for Fraud Upon the Court. We need not undertake an exhaustive recitation of the underlying facts. To summarize, C.C., with K.C.'s (Mother's) cooperation,[1] filed an action in Hancock County that sought, in part, an adjudication that C.C. was the biological father of S.C. This action was filed while another paternity action was pending in Fayette Circuit Court, the latter instituted by B.H. claiming that *he* was S.C.'s father. Neither C.C. nor Mother apprised the Hancock Circuit Court of the existence of the Fayette County proceeding. The Hancock Circuit Court granted C.C.'s petition to establish paternity the day after it was filed, which also happened to be the day before a scheduled hearing in the Fayette County proceeding. B.H. was served with the Hancock County paternity order at the Fayette County hearing. Following the Fayette County hearing, the trial court dismissed that case. Approximately nine days later, B.H. filed a motion to set aside the Hancock County judgment on grounds that Mother committed fraud upon the court in not informing the Hancock Circuit Court of the then-pending Fayette County proceeding.

The Hancock Circuit Court granted the motion and vacated its earlier paternity judgment. We affirmed that ruling. In reaching that decision, we stated,

> In conjunction with that petition, B.H. sought and received an order compelling Mother and S.C. to submit to DNA testing before they left the hospital. The day that order was served upon Mother, i.e., July 30, 2008, C.C. and Mother executed an affidavit of paternity identifying C.C. as S.C.'s biological father. The DNA test was performed on July 31, 2008, and the

---

[1] Almost contemporaneously with C.C.'s petition to establish paternity in the Hancock County action, Mother and C.C. filed a Verified Joint Stipulation Establishing Paternity and Agreed Entry, stipulating to C.C.'s paternity, among other things.

record contains a DNA Test Report form completed by an entity identified in the record as the DNA Diagnostics Center (the DDC), dated August 4, 2008. The DDC report form indicates there is a 99.9997% likelihood that B.H. was S.C.'s biological father.

*In re Paternity of S.C.*, 2012 WL 1066098, at *5 (Ind. Ct. App. March 29, 2012). Mother contends that we erred in stating "that the purported DNA test had been ordered by the Fayette Circuit Court." *Appellant's Petition for Rehearing* at 1. Our statement was premised in part upon the Hancock County court's Findings 6 through 8, which found that on July 29, 2008, B.H. filed a petition to establish paternity of S.C., naming Mother as the respondent. Two days later, Mother and S.C. underwent DNA blood tests. In his July 29 Verified Petition for Immediate Paternity Order, B.H. stated that Mother would not willingly submit to a DNA test and sought an order compelling her and S.C. to do so. On July 30, B.H.'s petition was served upon Mother by mail and left at the residence of her parents. Two days later, Mother submitted to a blood test after the hospital in which she was staying informed her that she would not be able to leave until the blood was drawn, although she claimed at the Fayette County court hearing that she did not know the purpose or nature of the test.

Although someone at the hospital where S.C. was born obviously believed that the hospital was under court order to perform a paternity test, it perhaps went too far to indicate that the record establishes that the Fayette Circuit Court ordered the test. Regardless of whether the Fayette Circuit Court ordered the test, however, the record supports the Hancock Circuit Court's finding that a DNA test was performed at the hospital on Mother and S.C. – a test that Mother clearly did not seek. Mother's complaint upon petition for rehearing that the

3

Fayette Circuit Court did not order the test is part and parcel of the central thrust of her argument upon appeal and again upon petition for rehearing. That argument is that B.H. failed to initiate a paternity action that comported with statutory requirements and also that the DNA paternity test, if indeed there was one, was not admissible to support a finding of paternity in B.H.'s favor.

As we stated in our original opinion, however, the validity and admissibility of the DNA test, and indeed the ultimate viability of the paternity action instituted by B.H. in Fayette County, is beside the point with respect to the Hancock County order under review. The question is whether Mother committed fraud upon the Hancock Circuit Court by failing to apprise that court of the Fayette County proceeding.

In granting the petition for rehearing, we reiterate the points we made in our original opinion – the Hancock County order vacating its previous paternity order was not premised upon the adequacy of service of process upon Mother of B.H.'s Fayette County petition. It was not premised upon the ultimate viability of the Fayette County paternity proceeding instituted by B.H. It was not premised upon the admissibility of the DNA tests performed upon Mother and S.C., nor upon the Fayette Circuit Court ordering that the DNA test be taken. Rather, it is enough that the record supports the Hancock Circuit Court's finding that a paternity action was indeed filed and pending in Fayette County and that Mother knew of the action when she participated in the Hancock County action. It is enough that there was evidence to support the Hancock Circuit Court's finding that Mother did not inform the Hancock Circuit Court of the pending Fayette County paternity proceeding. And, it is

4

enough that there was evidence to support the finding that Mother knew there was a reasonable possibility that B.H. was S.C.'s biological father, regardless of any defects or deficiencies in B.H.'s legal efforts to establish his paternity as a matter of law.

Therefore, we grant the petition for rehearing and reaffirm our original opinion subject to the comments herein.

MATHIAS, J., concurs.

RILEY, J., dissents without separate opinion.