## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 25 2019, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick A. Schuster
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sandhu Petroleum Corp. No. 3, *Appellant-Plaintiff/Counter-Defendant,* <br><br> v. <br><br> SBJ Petroleum No. 1, LLC; SBJ Petroleum No. 3; LLC, Michael A. Jarard; Corinth Bishop, *Appellees-Defendants.* | June 25, 2019 <br><br> Court of Appeals Case No. 18A-PL-2964 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Diane Kavadias Schneider, Judge <br><br> Trial Court Cause No. 45D11-1210-PL-79 |

**Tavitas, Judge.**

## Case Summary

Sandhu Petroleum Corp. No. 3 ("Sandhu") appeals the trial court's order concluding that the parties' Notice of Settlement (the "Notice") did not vacate the trial court's judgment, and the trial court's denial of Sandhu's Motion to Recover Funds ("Motion to Recover") in favor of SBJ Petroleum No. 1, LLC, SBJ Petroleum No. 3, LLC, Michael A. Jarard, and Corinth Bishop (collectively, "Appellees"). We dismiss.

## Issue

Sandhu raises two issues; however, we raise sua sponte a separate issue that we find to be dispositive. The issue before us is whether this Court has jurisdiction over Sandhu's appeal.

## Facts

In 2012, Sandhu filed a complaint against Appellees for declaratory judgment, injunctive relief, quiet title, and damages. Subsequently, Appellees filed a counterclaim against Sandhu and filed a third-party complaint against Harjinder Singh, Navdeep Gill, and SMHR Holdings, LLC ("SMHR")[1]. After several years of motions, mediation, and a bench trial, the trial court entered an order on December 15, 2016, granting judgment as follows:

---

[1] Although Singh and Gill were also parties to the motions filed in the trial court, the notice of appeal for the instant appeal only indicates Sandhu as appellant. Moreover, SMHR, who was involved in the previous appeal, was not a party to the underlying motions in the trial court nor this appeal. Accordingly, we will continue to refer to Sandhu throughout our opinion.

1.   Judgment is entered in favor of Corinth Bishop and against Harjinder Singh, Navdeep [Gill], Sandhu Petroleum Corporation No. 3 and SMHR HOLDINGS, LLC in the total amount of $169,084.00.

2.   Judgment is entered in favor of Michael A. Jarard and against Harjinder Singh, Navdeep [Gill], Sandhu Petroleum Corporation No. 3 and SMHR HOLDINGS, LLC in the total amount of $5,000.00.

3.   Judgment is entered in favor of Sandhu Petroleum Corporation No. 3 and against Corinth Bishop and Michael A. Jarard as to the claim to quiet title to the property located at 4901 Kennedy Avenue, East Chicago, Indiana.

4.   Judgment is entered in favor of Corinth Bishop and Michael A. Jarard and against Harjinder Singh, Navdeep [Gill], Sandhu Petroleum Corporation No. 3 and SMHR HOLDINGS, LLC on the claim of slander of title.

5.   Judgment is entered in favor of Harjinder Singh, Navdeep [Gill], Sandhu Petroleum Corporation No. 3 and SMHR HOLDINGS, LLC and against Corinth [Bishop] and Michael A. [Jarard] on the claim for defamation.

6.   Judgment is entered in favor of Corinth Bishop and against Harjinder Singh in the total amount of $21,000.00 for the conversion of Bishop's firearms.

Appellant's App. Vol. II p. 39.

[4]   On March 14, 2017, Sandhu, Singh, Gill, and SMHR (the "previous Appellants") filed their notice of appeal. On September 14, 2017, after the

previous Appellants submitted their brief on appeal, the parties filed their Notice of Settlement (the "Notice"). The entirety of the Notice stated:

> NOW COMES, Harjinder [Singh[2]], Navdeep [Gill], SMHR Corp, Sandhu Petroleum Corp. No. 3, Corinth Bishop, Michael Jarard and Phillips ELA, LLC[3] and hereby notify the Court that the above case has been settled pursuant to a settlement agreement between the parties.
>
> 1. The parties acknowledge that attempts have been made to settle through counsel to no avail.
>
> 2. The parties have agreed to withdraw their appeals[4] and release each other mutually pursuant to that Agreement.

*Id.* at 41. The Notice was dated September 13, 2017 and was signed by all parties. Accordingly, this Court issued an order dismissing the appeal with prejudice on September 21, 2017.

[5] Based on the chronological case summary, it appears that, in December 2017, the trial court received correspondence and payment from a third party in the amount of $4,298.59, which was given to Appellees as part of the judgment in

---

[2] At times, including in the Notice, Harjinder Singh is identified as "Harjinder Sandhu." For simplicity, we will continue to use the name "Harjinder Singh."

[3] We are unsure of the identity of this party, or its relation, if any, to this dispute. Sandhu believes the inclusion of Phillips ELA, LLC to have been error by drafter Bishop. There is no additional information in the record as to the identity of Phillips ELA, LLC.

[4] Again, Sandhu contends that "appeals" is a scrivener's error, as the previous Appellants' appeal was the only pending appeal. Our review of the prior appeal indicates that there was no cross-appeal by Appellees, and it does appear the plural "appeals" in the Notice was an error.

Appellees' favor. On February 21, 2018, Sandhu, Singh, and Gill[5] filed a Motion to Enforce the Settlement (the "Settlement Motion"), Motion to Recover, and a Motion to Stay.[6]

[6] The Settlement Motion was based on Sandhu's contention that, despite the Notice, "which provides: 'The parties have agreed to withdraw their appeals and release each other mutually pursuant to that agreement,'" Bishop has continued to attempt to collect on the judgment. *Id.* at 46. The Settlement Motion also identified Bishop as the drafter of the Notice. The Motion to Stay sought to stay all collection proceedings until resolution of the Settlement Motion. Finally, the Motion to Recover sought to recover $4,298.59 from Bishop, which Sandhu contends Bishop received after the parties "mutually releas[ed] one another as provided in the parties' Notice of Settlement." *Id.* at 52.

[7] The trial court held hearings on the motions on March 29, 2018, and October 25, 2018. On November 14, 2018, the trial court denied Sandhu's, Singh's, and Gill's Motion to Recover, and ordered the parties to present more information on the terms of the settlement, stating:

---

[5] On the Motion to Enforce Settlement Agreement, Navdeep Gill is identified as "Navdeep Singh." Appellant's App. Vol. II p. 46. We will continue to refer to "Gill" for simplicity.

[6] As we noted above, SMHR was not included as a party on the Motion to Enforce Settlement. We are unsure of why the parties use inconsistent names for the parties and occasionally leave off parties on some motions and include the parties on others. In the future, we encourage the parties to adhere to more consistent practices in this regard.

1. On September 14, 2017, a Notice of Settlement was filed with the Court which indicated that the parties had entered into a settlement agreement. The terms of the settlement agreement were not included in that notice.

2. The parties shall have time to and including December 14, 2018, within which to complete the terms of the settlement agreement. Failure to do so will result in the original judgment herein being reinstated.

*Id.* at 54. The trial court did not explicitly deny the Settlement Motion. Sandhu filed a notice of appeal stating that it was appealing from a final judgment.[7] Sandhu neither moved the trial court to certify its order nor filed any notice of interlocutory appeal with this Court.

## Analysis

[8] Before addressing the issue before us, we note that Appellees did not file an appellee's brief. "When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error." *In re Paternity of S.C.*, 966 N.E.2d 143, 148 (Ind. Ct. App. 2012), *aff'd on reh'g*, 970 N.E.2d 248 (Ind. Ct. App. 2012), *trans. denied*. "In such cases, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it." *Id.* "Moreover, we

---

[7] Again, none of the other previous Appellants is included on the notice of appeal for the instant appeal.

will not undertake the burden of developing legal arguments on the appellee's behalf." *Id.*

[9] This court does not have jurisdiction over Sandhu's appeal as it was filed. The nature of the trial court's order—whether final judgment or some interlocutory order—"governs the appellate courts' subject matter jurisdiction, and unlike most contentions, lack of jurisdiction is not waived by the parties." *Georgos v. Jackson,* 790 N.E.2d 448, 452 (Ind. 2003). The jurisdiction of this court is set forth by Indiana Appellate Rule 5, which allows for appeals from final judgment, interlocutory orders, and agency decisions. Indiana Appellate Rule 14 indicates the three different types of interlocutory appeals, which are interlocutory appeals of right, discretionary interlocutory appeals, and statutory interlocutory appeals.

[10] Here, Sandhu's notice of appeal indicated that it was appealing from a final judgment. In this case, the trial court's order did not dispose of all the issues as to all the parties; in fact, the trial court's order did not even explicitly deny Sandhu's Settlement Motion. *See Indy Auto Man, LLC v. Keown & Kratz, LLC,* 84 N.E.3d 718, 720 (Ind. Ct. App. 2017) ("[A] final judgment is one which disposes of all claims as to all parties") (internal citations and quotations omitted).

[11] "Generally, a non-final order is not appealable unless it is an interlocutory order that is appealable as of right under Appellate Rule 14(A), or the appellant has sought and gained permission for a discretionary interlocutory appeal from the

trial court and this court under Appellate Rule 14(B)." *Id.* at 721-22 (citations omitted). Here, Sandhu's appeal is not interlocutory as of right; nor did Sandhu obtain a certified order from the trial court and seek permission from this Court to file a discretionary interlocutory appeal. Again, Sandhu indicated to this Court that its appeal was from a final judgment.

[12] We do not have jurisdiction to hear an appeal from the trial court's non-final order; therefore, we dismiss this appeal. *See In re Estate of Botkins,* 970 N.E.2d 164, 168 (Ind. Ct. App. 2012) (dismissing the appeal because the trial court's order was not a final judgment, was not an interlocutory appeal as of right, and because the parties did not get permission to file a discretionary interlocutory appeal).

[13] In dismissing this appeal, our review of the record indicates that the trial court still has jurisdiction over the matter because proceedings supplemental are ongoing. *See Stuard v. Jackson & Wickliff Auctioneers, Inc.,* 670 N.E.2d 953, 954 (Ind. Ct. App. 1996) ("the trial court has broad discretion in conducting proceedings supplemental") (citations omitted).[8] We, however, will not

---

[8] "Proceedings supplemental are designed as a remedy where a party fails to pay a money judgment. . . . The proceedings are merely a continuation of the underlying claim, initiated under the same cause number for the sole purpose of enforcing a judgment. . . . These proceedings serve the limited purpose of determining whether an asset is in the judgment debtor's possession or subject to the judgment debtor's control and can be attached to satisfy the judgment." *Prime Mortg. USA, Inc. v. Nichols,* 885 N.E.2d 628, 668 (Ind. Ct. App. 2008) (citations and quotations omitted). "We will not disturb a trial court's judgment regarding a proceedings supplemental unless the record does not provide sufficient support for any theory on which the judgment may be sustained." *Id.* (citations omitted).

consider a discretionary interlocutory appeal that was not certified by the trial court. Accordingly, we dismiss.

## Conclusion

[14] This Court does not have jurisdiction over Sandhu's appeal. We dismiss.

[15] Dismissed.

Crone, J., and Bradford, J., concur.