## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 21 2020, 8:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen P. Rothberg
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Zachary, *Appellant-Petitioner,* <br><br> v. <br><br> Amanda Suzanne Nesbitt, *Appellee-Respondent.* | July 21, 2020 <br><br> Court of Appeals Case No. 20A-DC-329 <br><br> Appeal from the Kosciusko Superior Court <br><br> The Honorable David C. Cates, Judge <br><br> Trial Court Cause No. 43D01-1804-DC-131 |

**Tavitas, Judge.**

# Case Summary

Thomas Zachary ("Husband") appeals the trial court's denials of his motion to correct error and motion for relief from judgment regarding his dissolution proceedings with Amanda Suzanne Nesbitt ("Wife"). We affirm.

# Issues

Husband raises two issues, which we restate as:

    I.    Whether the trial court properly denied Husband's motion to correct error.

    II.    Whether the trial court properly denied Husband's motion for relief from judgment.

# Facts

Husband and Wife were married in 2006 and have three children. Husband filed a petition for dissolution of marriage in April 2018. The trial court entered a provisional order, which required in part: "[Husband] shall transfer the sum of $68,000.00 in savings from the parties' joint banking account back to that joint banking account [("Lake City Joint Account")] where the sums shall remain and neither party shall make use of the same absent agreement of the parties or prior approval of the Court." Appellant's App. Vol. II p. 26.

On August 26, 2019, the trial court entered a decree of dissolution of marriage. The trial court valued the Lake City Joint Account at $63,029.00 and awarded the account to Husband as part of the equal division of marital property. The trial court also ordered:

> Assuming Mother does not relocate from Kosciusko County, commencing the first Friday after entry of the Decree for Dissolution of Marriage, and continuing until the dependent children of the marriage are emancipated or reach the age of nineteen (19) years or until further Order of the Court, Father shall pay the sum of $654.00 per week for child support.

*Id.* at 45. Accordingly, Husband's child support obligation of $654.00 per week began on August 30, 2019. The trial court also ordered the following regarding the parties' 2018 tax returns:

> Mother filed a tax return for 2018 electing a "married filing separate" status and received a refund. The parties should and shall divide any tax refunds in equal shares and shall pay any liability in equal shares as well. The Court, for purposes of distribution, relies on Father's evidence and finds the net value of the marital asset occasioned by the income tax refund in the amount of $2,542.00, which is awarded to Mother.

*Id.* at 41.

[5] In September 2019, Husband filed a motion to correct error pursuant to Indiana Trial Rule 59. Husband argued, in part, that Wife removed $16,380.00 from the Lake City Joint Account without disclosing the withdrawal.

[6] Additionally, in December 2019, Husband filed a motion for relief from judgment pursuant to Indiana Trial Rule 60. Husband argued that he involuntarily overpaid child support when his employer improperly deducted an extra $2,834.00 in October after a delay in processing the Income Withholding Order. Husband also argued that he paid $6,907.00 in 2018

federal taxes and received a refund of $2,253.00 in 2018 state taxes, and he was entitled to $2,327.00 from Wife pursuant to the tax return provisions of the decree.

[7] After a joint hearing on all pending motions, the trial court entered an order denying Husband's motion to correct error without specifically addressing the Lake City Joint Account. The trial court also denied Husband's motion for relief from judgment as follows:

> By application of this Court's Orders as to Petitioner's support obligation and income withholding orders, Petitioner alleges an overpayment of support. The Court finds the difference between provisional and final support herein to be de minimus and, accordingly, DENIES Petitioner's motion in that regard.

*Id.* at 20. The trial court denied Husband's argument regarding the 2018 taxes without a specific finding. Husband now appeals.

## Analysis

[8] At the outset, we note that the appellee did not file a brief in this case. "When an appellee fails to submit a brief, we apply a less stringent standard of review with respect to the showing necessary to establish reversible error." *In re Paternity of S.C.*, 966 N.E.2d 143, 148 (Ind. Ct. App. 2012), *aff'd on reh'g*, 970 N.E.2d 248 (Ind. Ct. App. 2012), *trans. denied*. "In such cases, we may reverse if the appellant establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it." *Id.* "Moreover, we will not undertake the burden of developing legal arguments on the appellee's behalf." *Id.*

## I. Motion to Correct Error

Husband argues that the trial court erred by denying his motion to correct error regarding the Lake City Joint Account. In general, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. To the extent, however, the issues raised are purely questions of law, our review is de novo. *Id.* An abuse of discretion occurs when the decision is "clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Fulp v. Gilliland*, 998 N.E.2d 204, 210 (Ind. 2013).

Husband's motion was filed pursuant to Indiana Trial Rule 59, which provides that a motion to correct error is a prerequisite for appeal when the party seeks to address "[n]ewly discovered material evidence . . . capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial." Trial Rule 59(H) provides, in part:

> (1) When a motion to correct error is based upon evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion and the affidavits shall be served with the motion.
>
> (2) If a party opposes a motion to correct error made under this subdivision, that party has fifteen [15] days after service of the moving party's affidavits and motion, in which to file opposing affidavits.

The decision to grant a Trial Rule 59 motion to correct error on the basis of newly discovered evidence trial "is an equitable one, and requires the court to balance the alleged injustice suffered by the party moving for relief against the interest of the winning party and society in general in the finality of litigation." *Faulkinbury v. Broshears*, 28 N.E.3d 1115, 1122 (Ind. Ct. App. 2015) (internal citations omitted). To prevail on a motion to correct error based on newly discovered evidence, a party must

> demonstrate that the evidence could not have been discovered and produced at trial with reasonable diligence; that the evidence is material, relevant, and not merely cumulative or impeaching; that the evidence is not incompetent; that he exercised due diligence to discover the evidence in time for the final hearing; that the evidence is worthy of credit; and, that the evidence raises the strong presumption that a different result would have been reached upon retrial.

*Scales v. Scales*, 891 N.E.2d 1116, 1120 (Ind. Ct. App. 2008) (quoting *Matzat v. Matzat*, 854 N.E.2d 918, 920 (Ind. Ct. App. 2006)).

According to Husband, after the dissolution decree was entered, Husband discovered that Wife removed $16,379.00 from the Lake City Joint Account in violation of the trial court's provisional order. In support of his argument, Husband submitted an affidavit pursuant to Rule 59(H), which provided:

> 3. Included in the court's final judgment is set off of Lake City Bank account ***4078 to Affiant in the amount of $63,029.00.

> 4. Affiant, upon review of the court's judgment and order, caused liquidation/transfer of the account in which at that time the sum

of $46,650.00 remained, leaving a shortfall in the amount of $16,379.00. Pursuant to the court's provisional order Affiant periodically replenished the account with sufficient deposits to bring level that auto-payment obligation on the account set off to Affiant.

5. During the pendency of the action and pursuant to the court's provisional order, Affiant routinely reimbursed the account for those debts and obligations set off to him by the court through auto pay from said account that he would remain in compliance. The shortfall is predicated on Respondent's use of the account and failure to reimburse or replenish so as to maintain the asset.

Appellant's App. Vol. II pp. 57-58. At the hearing on the motion to correct error, Wife argued that both parties used this joint account during the dissolution proceedings to pay provisional debts, including household expenses, extracurricular activity expenses for the children, and child support.

[13] Husband presented no evidence that this evidence could not have been discovered and produced at trial with reasonable diligence. On appeal, Husband makes no argument concerning this requirement. This account was a joint account that apparently both parties used throughout the dissolution proceedings, and Husband presented no evidence regarding when Wife allegedly withdrew the funds. Husband could have presented evidence concerning the alleged shortfall in the account during the final hearing. As such, the alleged shortfall does not qualify as "newly discovered evidence," and the trial court did not abuse its discretion by denying Husband's motion to correct error. *See, e.g., Scales*, 891 N.E.2d at 1121 ("We will not now allow

[Husband] to circumvent the trial rules by claiming that he could not have discovered these retirement account figures before the final hearing. The trial court acted within its discretion in denying Husband's motion to correct error.").

## II. Motion for Relief from Judgment

Husband argues that the trial court erred by denying Husband's motion for relief from judgment pursuant to Indiana Trial Rule 60(B). "Whether to grant a motion for relief from judgment under Indiana Trial Rule 60(B) is within the discretion of the trial court, and we reverse only for abuse of that discretion." *Coles v. McDaniel*, 117 N.E.3d 573, 576 (Ind. Ct. App. 2018). An abuse of discretion occurs when the decision is "clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Fulp*, 998 N.E.2d at 210.

Trial Rule 60(B) provides, in part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> * * * * *
>
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59; [or]

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

According to Husband, the trial court abused its discretion by denying his motion for relief from judgment regarding: (1) Husband's alleged involuntary overpayment of child support in October 2019; and (2) Wife's failure to reimburse Husband for his 2018 tax liability when his tax returns were filed after the decree was issued.

### A. Involuntary Overpayment of Child Support

Husband argues that he involuntarily overpaid his child support obligation. Where an overpayment of child support is not voluntary, the amount may be credited to future child support payments. *Carpenter v. Carpenter*, 891 N.E.2d 587, 601 (Ind. Ct. App. 2008).

Husband's child support obligation of $654.00 per week began on August 30, 2019. According to Husband, he timely paid the child support despite a delay in his employer processing the Income Withholding Order. Husband argues

that, when his employer started deducting child support from his earnings, his employer improperly deducted an extra $2,834.00.

[19] The documents submitted by Husband demonstrate that Husband regularly paid his weekly child support of $654.00 in cash from August 30, 2019, through October 24, 2019. On October 28, 2019, an electronic funds transfer of $2834.00 occurred. No additional payments were made until December 2, 2019, when another electronic funds transfer of $2834.00 occurred. Husband then filed his motion for relief from judgment on December 10, 2019.

[20] It is not evident from the documents submitted by Husband that he overpaid his child support. Rather, it appears that the October 28, 2019 electronic funds transfer was meant to pay all of the November 2019 child support due. Although Husband argues the $2834.00 payment "covered that same period of time [Husband] had continued to pay child support," the evidence Husband presented does not support this claim. Appellant's Br. p. 13.

[21] Moreover, we also note that the purpose of a Trial Rule 60(B) motion is to relieve a party from a final judgment for certain specified reasons. *See* Ind. T.R. 60(B). Husband is not requesting the trial court to relieve him from a final judgment or modify the final judgment in any way. Rather, Husband is merely requesting the trial court to enforce the decree. As such, Husband's arguments should have been presented in a contempt proceeding or in a motion to enforce the decree. For these reasons, the trial court did not abuse its discretion by

denying Husband's motion for relief from judgment regarding the child support claim.

## B. 2018 Tax Return Provisions

[22]    Next, Husband argues the trial court erred by denying his motion for relief from judgment regarding the decree's 2018 tax return provisions. The decree provided:

> Mother filed a tax return for 2018 electing a "married filing separate" status and received a refund. The parties should and shall divide any tax refunds in equal shares and shall pay any liability in equal shares as well. The Court, for purposes of distribution, relies on Father's evidence and finds the net value of the marital asset occasioned by the income tax refund in the amount of $2,542.00, which is awarded to Mother.

Appellant's App. Vol. II p. 41.

[23]    According to Husband, his 2018 tax returns "had not yet been prepared or filed as of the date of the court's order." Appellant's Br. p. 19. Wife's 2018 tax refund was included in the marital estate and was awarded to Wife as part of the equal division of marital property. Although Husband's tax liability also could have been considered during the dissolution proceedings, Husband, for whatever reason, chose not to timely file his 2018 tax returns. Husband's returns were prepared in the fall of 2019, after the trial court issued the decree. Husband paid $6,907.00 in 2018 federal taxes and received a refund of $2,253.00 in 2018 state taxes, resulting in a net liability of $4,654.00. Husband

argues that he is entitled to half of the liability, $2,327.00, from Wife pursuant to the decree.

[24] We agree that the language of the decree—"The parties should and shall divide any tax refunds in equal shares and shall pay any liability in equal shares as well"—seemingly supports Husband's argument that he is entitled to reimbursement from Wife for half of his 2018 tax liability. Appellant's App. Vol. II p. 41. Again, however, Husband is not requesting that the trial court relieve him from a final judgment or modify the final judgment in any way. Rather, Husband is merely requesting the trial court to enforce the 2018 tax provision of the decree. Accordingly, Husband has failed to demonstrate that he is entitled to "relief" from a judgment, and the trial court did not abuse its discretion by denying Husband's motion for relief from judgment regarding the tax liability claim. Husband does, however, have the availability of contempt proceedings or a motion to enforce the decree.

## Conclusion

[25] The trial court properly denied Husband's motion to correct error and motion for relief from judgment. Accordingly, we affirm.

[26] Affirmed.

Riley, J., and Kirsch, J., concur.